**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

| | | |
|---|---|---|
| C.C., individually and on behalf of all others Similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Cause No.: |
| **v.** | ) ) | |
| MED-DATA INCORPORATED, | ) ) | |
| Defendant. | ) ) | |

**NOTICE OF REMOVAL OF CAUSE**

To:     **Attorney for Plaintiff**
        McShane & Brady, LLC
        Attn:   Maureen M. Brady
                Lucy McShane
        1656 Washington Street, Suite 120
        Kansas City, MO 64108

        **Attorneys for Plaintiff**
        Norman & Graves Law Firm
        Attn:   Phyllis A. Norman
        4505 Madison Ave. Ste. 220
        Kansas City, Missouri 64111

        **Attorneys for Plaintiff**
        Burgess Law Firm, P.C.
        Attn:   Mitchell L. Burgess
        4505 Madison Ave. Ste. 220
        Kansas City, Missouri 64111

        **United States District Court, Kansas**
        Robert J. Dole U.S. Courthouse
        500 State Avenue, M35
        Kansas City, Kansas 66101

        PLEASE TAKE NOTICE that pursuant to under 28 U.S.C. §§ 1332(d), 1441, 1446, and

1453, Defendant MED-DATA INCORPORATED ("Med-Data"), hereby removes the above-

captioned action from the Tenth Judicial Circuit of Johnson County, Kansas to this Court on the ground of original jurisdiction based on 28 U.S.C. § 1332(d). The following statement is submitted in accordance with 28 U.S.C. § 1446.

1.      On or about April 20, 2021, Plaintiff C.C. ("Plaintiff") filed a Class Action Petition for Damages (the "Petition") in the 10th Judicial Circuit of the State of Kansas, entitled *C.C., individually and on behalf of all others similarly situated v. Med-Data Incorporated,* Case No. 21CV01716 (the "State Court Action"), a true and correct copy of which is being filed concurrently with this notice.

2.      A copy of the Summons and Petition (a true and correct copy of which is attached hereto as Exhibit A) were served on Defendant's registered agent for service on or about June 8, 2021.

3.      Plaintiff seeks to represent a class consisting of "patients of Med-Data who entrusted their personal health information ('PHI') and personally identifiable information ('PII') to Med-Data." Petition at ¶1. The Petition asserts that sensitive personal information belonging to Plaintiff and the putative class members was allegedly compromised in a MedData data security incident that occurred between December 2018 and September 2019, when data related to MedData's business was allegedly uploaded to a public facing website. Petition at ¶¶ 2, 24. MedData removed the files from the website on December 17, 2020.

4.      The Petition asserts seven causes of action against MedData: (1) Outrageous Conduct; (2) Breach of Implied Contract; (3) Negligence; (4) Invasion of privacy by public disclosure of private acts; (5) Breach of fiduciary duty of confidentiality; (6) Negligent training and supervision; (7) Negligence per se. Petition at ¶¶ 79-132.

5.      Defendant is the only defendant in the State Court action. There are no unserved defendants, and as such, Defendant is the only defendant that need consent to this removal.

## II. JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT IS SATISFIED

6.      The Class Action Fairness Act of 2005 ("CAFA") grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, where the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and where the number of putative class members exceeds 100. 28 U.S.C. §§ 1332(d)(1)(B), (d)(2)(A), and (d)(5)(B); *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242 (10th Cir. 2012); *see also Priozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981 (8th Cir. 2019).

7.      There is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court"). To the contrary, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id*. at 554 (quoting S. Rep. No. 109-14, p. 43 (2005)).

8.      This action satisfies all requirements for removal under CAFA, as set forth below. Further, while there are certain exceptions to this rule of original jurisdiction contained in 28 U.S.C. §§ 1332(d)(3)-(5), none of the exceptions are applicable here, as demonstrated below.

## A.    Minimum Diversity Exists.

9.      Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

102073163.v1

10.     Plaintiff alleges that he/she is a resident of Johnson County, Kansas (Petition at ¶ 14).

11.     Plaintiff does not allege the citizenship of the putative class members.

12.     MedData is a corporation and is therefore deemed to be a citizen of the state in which it has been incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is generally its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 174 L. Ed. 2d 1029 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").

13.     MedData is organized under the laws of the State of Washington. Its principal place of business is in Texas.

14.     Consequently MedData's citizenship (Washington and Texas) is diverse from Plaintiff's (Kansas) and the minimum diversity requirement under CAFA is satisfied.

**B.     Size of the Purported Class.**

15.     Plaintiff brings this action on behalf of himself/herself and a putative class defined as: "patients of Med-Data who entrusted their personal health information ('PHI') and personally identifiable information ('PII') to Med-Data." Petition at ¶ 1.

16.     Plaintiff alleges that "[u]pon information and belief, the Breach affected tens of thousands of Defendant's patients." Petition at ¶ 28.

17.     The data security incident that forms the basis of the Plaintiff's Petition affected approximately 135,000 individuals across the country. Declaration of Thomas J. Birchfield

("Birchfield Decl.", ¶ 2; attached hereto as Exhibit L). Although MedData disputes all liability and disputes that the Plaintiff can establish the requirements for a class action, or that the 135,000 individuals qualify to be part of the class, on the face of the Class Petition the parameters of the proposed class include these 135,000 individuals that were affected by the data security incident. Thus, it is clear that the aggregate number of the proposed class well exceeds 100 as required under CAFA. *See* U.S.C. § 1332(d)(5)(B).

**C.      The Amount in Controversy Exceeds $5,000,000.**

18.     CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate amount in controversy for all class members exceeds five million dollars ($5,000,000.00). *See* 28 U.S.C. § 1332(d)(2). Here, the allegations in Plaintiff's Complaint and the claimed damages exceed the jurisdictional minimum.

19.     A plaintiff's Petition is a court's "first source of reference in determining the amount in controversy." *St. Paul Mercury Indem. Co. b. Red Cab Bo.,* 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)*.* In determining the amount in controversy for purposes of removal, the ultimate inquiry is what amount is put "in controversy" by a plaintiff's petition—not what a court or jury might later determine to be the actual amount of damages, if any. *LaCrosse v. Knight Transp. Inc.*, 7775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)); *see also Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal"). Where a complaint does not specify the amount of damages sought, the removing defendant need only establish that it is more likely than not that the amount in controversy requirement has been met.

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 135 S. Ct. at 554. This standard applies to complaints like that Complain in this action, which does not allege or seek a specific amount of damages. *Dart Cherokee*, 135 S. Ct. at 554-55. Further, attempts by plaintiffs to limit removal by explicitly claiming damages beneath the jurisdictional minimum are unavailing if the defendant can nonetheless plausibly establish that the amount in controversy exceeds the jurisdictional minimum by a preponderance of the evidence. *Frederick*, 683 F.3d 1242.

20.     In this case, Plaintiff alleges that he/she and the purported class have suffered numerous types of damages, including:

(1)     the untimely and/or inadequate notification of the Breach;

(2)     improper disclosure of their PHI and PII;

(3)     loss of privacy;

(4)     out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach;

(5)     the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud;

(6)     the increased risk of identity theft;

(7)     lost medical expenses; and,

(8)     emotional distress, embarrassment, humiliation, shame and loss of enjoyment of life.

102073163.v1

Plaintiff alleges that "at the very least, Plaintiff and the other Class members are entitled to nominal damages." Petition at ¶¶ 83, 90, 96, 103, 111, 116, 129.

21.     Plaintiff alleges that Plaintiff and members of the Class suffered damages including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life. Petition at ¶¶ 89, 95, 102, 110, 116, 128. Plaintiff also alleges that future monitoring in the form of identity-theft or related identity protection is necessary. Petition at ¶ 131.

22.     Plaintiff seeks actual damages for all monies paid to Defendant in violation of the HIPAA and HITECH. In addition Plaintiff seeks attorneys' fees. Petition at ¶ 131.

23.     Although Plaintiff does not allege any specific dollar amounts for these numerous types of damages, he/she implies that data breach victims who are further victimized by identity theft or identity fraud will incur an average fraud-related economic loss of $1,513 and incur an average of $354 of out-of-pocket expenses attempting to rectify the situation. Petition at ¶ 66. 135,000 individuals multiplied by $354 out-of-pocket expenses alone equals $47,790,000, far exceeding $5,000,000.

24.     Even if Plaintiff had implied a far smaller amount of out-of-pocket damages, given the potentially large size of the proposed class (approximately 135,000), Plaintiff would only have to allege $37.04 in damages for all damages (e.g. out-of-pocket costs, diminution of value of the information, costs associated with frozen assets or credit, costs related to unauthorized use of the information, emotional distress, etc.) in order to exceed the jurisdictional amount in controversy of $5,000,000.

25.     Further, Plaintiff is seeking attorneys' fees. In determining whether a Petition meets the amount in controversy requirement, a removing party may include punitive damages and statutory attorney fees. *Frederick*, 683 F.3d at 1247-48; see also *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

26.     In short, MedData alleges that the amount Plaintiff has put in controversy clearly exceeds $5,000,000, thus establishing subject matter jurisdiction under CAFA. MedData's allegations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal tests applicable to Plaintiff's allegations, or whether a class action is proper. *LaCrosse v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial.") (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1). While MedData denies the validity and merit of all of Plaintiff's claims and the demands for monetary and other relief that flow from them (assuming them to be accurate for purposes of this removal only), a reasonable person, reading the petition would conclude that Plaintiff was seeking damages in an amount greater than the minimal jurisdictional amount of this Court.

27.     MedData reserves the right to provide evidence as to the above calculations and all other amounts sought by Plaintiff in the Petition should Plaintiff challenge or should the Court question the amount in controversy.

### III.     NO CAFA EXCEPTIONS APPLY

28.     CAFA contains an exception to its grant of original jurisdiction when the primary defendants are citizens of the State in which the action was originally filed and when more than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State

8

in which the action was originally filed. 28 U.S.C. § 1332(d)(4). CAFA also provides that the Court may, in its discretion, decline jurisdiction if more than one-third, but less than two-thirds, of the class are citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(3). Neither of these exceptions applies here. Out of the 135,000 members of the putative class, approximately 28,841 (21.3%) are State of Kansas residents (Ex. L, Birchfield Decl., ¶ 3) – less than the one-third threshold for the discretionary ability to decline jurisdiction under 28 U.S.C. § 1332(d)(3) and even further less than the two-thirds threshold under § 1332(d)(4).

29.     CAFA also contains exceptions to its grant of original jurisdiction for when the defendants are government entities or the putative class numbers less than 100 in the aggregate (28 U.S.C. § 1332(d)(5)).

30.     Because MedData is not a government entity and because the putative class numbers more than 100 in the aggregate, these exceptions to jurisdiction set forth in CAFA also do not apply.

## IV.     REMOVAL IS TIMELY

31.     As set forth above, the Petition was served on Defendant's agent for service of process on or about June 8, 2021. This Notice of Removal is timely in that it has been filed within thirty days of the date of service of the Petition consistent with 28 U.S.C. § 1446(b).

## V.     MEDDATA PROVIDED NOTICE TO PLAINTIFF

32.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing the Notice of Removal, MedData will give written notice to Plaintiff's counsel of record: (1) Maureen M. Brady, Lucy McShane at McShane & Brady, LLC, 1656 Washington Street, Suite 120, Kansas City, MO 64108; (2) .

33.     In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the 10th Judicial Circuit of the State of Kansas for Johnson County.

## VI. VENUE

34.     Venue lies in the United States District Court in and for the District of Kansas, pursuant to 28 U.S.C. §§ 1391(b) and 1441(a), because the 16th Judicial Circuit of the State of Kansas for Johnson County, where the suit was originally filed, is located within the District.

## VII. INTRADISTRICT ASSIGNMENT

35.     This action is properly removed to the District of Kansas because the action is currently pending in Johnson County. See Petition at ¶ 13.

## VIII. ATTACHMENT OF PLEADINGS

36.     As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon MedData and found in the files of the 10th Judicial Circuit of the State of Kansas for Johnson County are attached hereto. *See* chart below.

| Exhibit | Document |
|---------|----------|
| A | Petition and Summons |
| B | Docket Sheet |
| C | DOC (1) Class Action Petition for Damages (incorrectly entered as "Motion to Keep Identity of Plaintiff Private" on Docket Sheet). |
| D | DOC (2) Motion to Keep Identity of Plaintiff Private |
| E | DOC (3) Demand for Jury Trial |
| F | DOC (4) Entry of Appearance |
| G | DOC (5) Entry of Appearance |
| H | DOC (6) Designation of Lead Counsel |

| I | DOC (7) Certificate of Service |
| J | DOC (8) Motion and Order for Approval of Private Process Server |
| K | DOC (9) Request and Service Instruction Form |

## IX.    NO ADMISSION

37.    Defendant expressly admits no liability to Plaintiff or to the putative class he/she seeks to represent, does not admit that Plaintiff has stated a claim, does not admit that Plaintiff is an adequate class representative for the putative class that he/she seeks to represent or that the proposed class otherwise satisfies the requirements for class certification. Defendant further does not admit that Plaintiff or the putative class members are entitled to recover the damages, penalties, and other relief requested in the Complaint.

## X. CONCLUSION

38.    This action meets all of CAFA's requirements for removal, and this removal pleading is both timely and proper. WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from the 10$^{h}$ Judicial Circuit of the State of Kansas for Johnson County, to this Court.

Respectfully submitted,

MED-DATA, INC.

By:     */s/ Theodore A. Kardis*
Theodore A. Kardis, #21052 (KS)
WALLACE SAUNDERS
10111 West 87th Street
Overland Park, KS 66212
913-888-1000 (Phone)
913-888-1065 (Fax)
tkardis@wallacesaunders.com

102073163.v1

***Pro Hac Vice Applications Forthcoming***
Daniel E. Tranen, #48585 (MO)
Jesse J. Gray, #68855 (MO)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
101 West Vandalia Street, Suite 220
Edwardsville, IL 62025
618-307-0200 (Phone)
618-307-0221 (Fax)
daniel.tranen@wilsonelser.com
jesse.gray@wilsonelser.com

*Attorneys for Med-Data Incorporated*

102073163.v1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 8th day of July, a true and correct copy of the above and foregoing was served electronically to:

**Attorneys for Plaintiff**
McShane & Brady, LLC
Maureen M. Brady
Lucy McShane
Nicholas Luedecke
1656 Washington Street, Suite 120
Kansas City, MO 64108
E-mail:          mbrady@mcshanebradylaw.com
                 lmcshane@mcshanebradylaw.com

**Attorneys for Plaintiff**
Norman & Graves Law Firm
Phyllis A. Norman
4505 Madison Ave. Ste. 220
Kansas City, Missouri 64111
Email:           phyllis@ngkclaw.com

**Attorneys for Plaintiff**
Burgess Law Firm, P.C.
Mitchell L. Burgess
4505 Madison Ave. Ste. 220
Kansas City, Missouri 64111
Email:           mitch@burgesslawkc.com

*/s/ Theodore A. Kardis*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

C C INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,
                                    Plaintiff                          Case No: 21CV01716
                    vs                                                Division:   4
                                                                      K.S.A. Chapter 60
MED-DATA INCORPORATED,
                                    Defendant

ALIAS SUMMONS

To the above-named defendant:

    YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court.
You are required to file your answer to the petition with the court and to serve a copy upon the
plaintiff's attorney, as follows:

                    Name:    MAUREEN M BRADY
                    Address: 1656 WASHINGTON ST STE 140
                             KANSAS CITY, MO 64108
                    Phone:   (816) 888-8010

Within 30 days after service of summons upon you.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the
attached petition, which is incorporated herein by reference. Any related claim which you may have
against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred
from making such claim in any other action.



                                                /s/ Jennie Leach
                                                Clerk of the District Court

Dated:   May 26, 2021

Johnson County Court House, 150 W. Santa Fe St., Olathe, KS 66061

Clerk of the District Court, Johnson County, Kansas
5/26/2021 14:13:19 ML

EXHIBIT A

21CV01716
Div4

IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

C.C., individually and on behalf of all          )
others similarly situated,                       )
                                                 )
            Plaintiffs,                           )
                                                 )
    v.                                            )   Case No:
                                                 )   Division:
MED-DATA INCORPORATED                            )
Serve:                                           )
Cogency Global, Inc.                             )
2101 SW 21st Street                              )
Topeka, KS 66604                                 )
                                                 )
            Defendant.                            )

## CLASS ACTION PETITION FOR DAMAGES

COMES NOW ("Plaintiff"), individually and on behalf of all citizens who are similarly situated for her Class Action Petition for Damages against Defendant Med-Data Incorporated (hereinafter sometimes referred to as "Defendant Med-Data" and/or "Med-Data"), respectfully states and alleges as follows:

## NATURE OF THE CASE

1.      This is a class action brought by Plaintiff, individually and on behalf of all citizens who are similarly situated (*i.e.*, the Class Members), seeking to redress Defendant's willful and reckless violations of her privacy rights. Plaintiff and the other Class Members are patients of Med-Data who entrusted their personal health information ("PHI") and personally identifiable information ("PII") to Med-Data. Defendant Med-Data, has shared Plaintiffs PHI and PII with persons who are not authorized to have said PHI and PII. Defendant betrayed Plaintiffs' trust by failing to properly safeguard and protect their PHI and PII and publicly disclosing their PHI and PII without authorization in violation of Kansas common law.

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

2.     This action pertains to Defendant's unauthorized disclosure of the Plaintiffs' PHI and PII that occurred between December of 2018 and September of 2019 (the "Breach").

3.     Defendant disclosed Plaintiff's and the other Class Members' PHI and PII to unauthorized persons as a direct and/or proximate result of Defendant's failure to safeguard and protect their PHI and PII.

4.     The wrongfully disclosed PHI and PII included, *inter alia*, Plaintiff's and the other Class Members' name, Social Security Number, physical address, date of birth, telephone number, and medical condition and diagnosis.

5.     Defendant flagrantly disregarded Plaintiff's and the other Class Members' privacy and property rights by intentionally, willfully and recklessly failing to take the necessary precautions required to safeguard and protect Plaintiff's and the other Class Members' PHI and PII from unauthorized disclosure.  Plaintiff's and the other Class Members' PHI and PII was improperly handled, inadequately protected, readily able to be copied by thieves and not kept in accordance with basic security protocols. Defendant's obtaining of the information and sharing of same also represent a flagrant disregard of Plaintiff's and the other Class Members' rights, both as to privacy and property.

6.     Plaintiff has standing to bring this action because as a direct and/or proximate result of Defendant's wrongful actions and/or inaction and the resulting Breach, Plaintiff has incurred (and will continue to incur) damages in the form of, *inter alia*, (i) loss of privacy and/or (ii) the additional damages set forth in detail below, which are incorporated herein by reference.

7.     Defendant's wrongful actions and/or inaction and the resulting Breach have also placed Plaintiff and the other Class Members at an imminent, immediate and continuing increased risk of identity theft, identity fraud and medical fraud.  Indeed, Javelin Strategy & Research

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

("Javelin"), a leading provider of quantitative and qualitative research, released its 2012 Identity Fraud Report ("the Javelin Report"), quantifying the impact of data breaches. According to the Javelin Report, individuals whose PHI and PII is subject to a reported data breach—such as the Data Breach at issue here—are approximately 9.5 times more likely than the general public to suffer identity fraud and/or identity theft. Moreover, there is a high likelihood that significant identity fraud and/or identity theft has not yet been discovered or reported, and a high probability that criminals who may now possess Plaintiff's and the other Class Members' PHI and PII and not yet used the information will do so at a later date or re-sell it.

8.      Plaintiff and the Class members have also suffered and are entitled to damages for the lost benefit of their bargain with Defendant Med-Data. Plaintiff and members of the Class paid Med-Data for its services including them protecting their PHI and PII. The lost benefit of the bargain is measured by the difference between the value of what Plaintiff and the members of the Class should have received when they paid for their services, and the value of what they actually did receive; services without adequate privacy safeguards. Plaintiff and members of the Class have been harmed in that they (1) paid more for privacy and confidentiality than they otherwise would have, and (2) paid for privacy protections they did not receive. In that respect, Plaintiff and the members of the Class have not received the benefit of the bargain and have suffered an ascertainable loss.

9.      Additionally, because of Defendant's conduct, Plaintiff and members of the Class have been harmed in that Defendant has breached its common law fiduciary duty of confidentiality owed to Plaintiff and member of the Class.

10.      Accordingly, Plaintiff and the other Class Members seek redress against Defendants for Outrageous Conduct, breach of implied contract, invasion of privacy by the public

3      *Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

disclosure of private facts, common law negligence, negligent training and supervision, and breach of fiduciary duty of confidentiality.

11.     Plaintiff, individually and on behalf of the other Class Members, seeks all (i) actual damages, economic damages, and/or nominal damages, (ii) injunctive relief, and (iii) attorneys' fees, litigation expenses, and costs.

## JURISDICTION AND VENUE

12.     The Court has jurisdiction over the parties and the subject matter of this action. Jurisdiction is proper because both Plaintiff and Defendant are citizens of the State of Kansas and Defendant is a business operating, and licensed under, the laws of the state of Kansas.

13.     Venue is proper in Johnson County, Kansas, pursuant to K.S.A. Stat § 60-604 because the acts complained of occurred and Defendant is located in Johnson County, Kansas.

## PARTIES

14.     Plaintiff is an adult residing in Johnson County, Kansas.

15.     Defendant Med-Data, Incorporated is, upon information and belief, a nationwide company with offices all through the country. They can be served through their registered agent at 2101 SW 21st St., Topeka, KS 66604

## BACKGROUND FACTS

16.     Certain allegations are made upon information and belief.

17.     Defendant Med-Data, incorporated is a health care provider pursuant to state and federal law, providing health care and medical services to the general public.

18.     As a part of its business operations, Defendant collects and maintains PHI and PII of its patients.

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

19.     Plaintiffs were patients of Business Associates of Defendant and, as a result, provided their PHI and PII Defendant.

20.     As such, Plaintiffs entered into an implied contract with Defendant for the adequate protection of their PHI and PII.

21.     Defendants are required to maintain the strictest privacy and confidentiality of Plaintiff and the proposed Class Members' medical records and other PHI and PII.

22.     Defendant posts its privacy practices online, at https://www.Med-Data.com/legal/patient-privacy-hipaa

23.     On March 31st, 2021 Defendant sent a letter to Plaintiff and members of the proposed Class to inform them of a data security incident that impacted their PHI.

24.     According to the letter, "On December 10, 2020, an independent journalist informed Med-Data that some date related to its business had been uploaded to a public facing website…"

25.     The information that was contained in the files were names, social security numbers, physical addresses, dates of birth, telephone numbers, and medical conditions and diagnoses.

26.     The disclosure of the PHI and PII at issue was a result of the Defendant's inadequate safety and security protocols governing PHI and PII.

27.     The wrongfully disclosed PHI and PII included, *inter alia*, Plaintiff's and the other Class Members' name, Social Security Number, physical address, date of birth, telephone number, and medical condition and diagnosis.

28.     Upon information and belief, the Breach affected tens of thousands of Defendant's patients.

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

29.     As a direct and/or proximate result of Defendant's failure to properly safeguard and protect the PHI and PII of its patients, Plaintiff's and the other Class Members' PHI and PII was stolen, compromised and wrongfully disseminated without authorization.

30.     Defendant had a duty to its patients to protect them from wrongful disclosures.

31.     As a health care provider, Defendant is required to train and supervise its employees regarding the policies and procedures as well as the State and Federal laws for safeguarding patient information.

32.     The timing of the March 31, 2021 notice letter was beyond the time frame required by applicable laws.

33.     Defendant is a covered entity pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). *See* 45 C.F.R. § 160.102. Defendant must therefore comply with the HIPAA Privacy Rule and Security Rule. *See* 45 C.F.R. Part 160 and Part 164, Subparts A through E.

34.     Defendant is a covered entity pursuant to the Health Information Technology Act ("HITECH")[1]. *See* 42 U.S.C. §17921, 45 C.F.R. § 160.103.

35.     The HIPAA and HITECH rules work in conjunction with the already established laws of privacy Kansas.  HIPAA and HITECH do not recognize an individual right of claim for violation but provide the guidelines for the standard of procedure dictating how patient medical information should be kept private.

36.     HIPAA's Privacy Rule, otherwise known as "Standards for Privacy of Individually Identifiable Health Information," establishes national standards for the protection of health information.

---

[1] HIPAA and HITECH work in tandem to provide guidelines and rules for maintaining protected health information. HITECH references and incorporates HIPAA.

6          *Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

37.     HIPAA's Security Rule, otherwise known as "Security Standards for the Protection of Electronic Protected Health Information," establishes national security standards for the protection of health information that is held or transferred in electronic form. See 42 C.F.R. §§ 164.302-164.318.

38.     HIPAA limits the permissible uses of "protected health information" and prohibits the unauthorized disclosure of "protected health information." 45 C.F.R. § 164.502. HIPAA requires that covered entities implement appropriate administrative, technical, and physical safeguards for this information and requires that covered entities reasonably safeguard protected health information from any intentional or unintentional use or disclosure that is in violation of the standards, implementation specifications or other requirements of this subpart. See 45 C.F.R. § 164.530(c).

39.     HIPAA requires a covered entity to have and apply appropriate sanctions against members of its workforce who fail to comply with the privacy policies and procedures of the covered entity or the requirements of 45 C.F.R. Part 164, Subparts D or E. See 45 C.F.R. § 164.530(e).

40.     HIPAA requires a covered entity to mitigate, to the extent practicable, any harmful effect that is known to the covered entity of a use or disclosure of protected health information in violation of its policies and procedures or the requirements of 45 C.F.R. Part 164, Subpart E by the covered entity or its business associate. See 45 C.F.R. § 164.530(f).

41.     Under HIPAA:

Protected health information means individually identifiable health information:

(1) Except as provided in paragraph (2) of this definition, that is:

(i) Transmitted by electronic media;

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

(ii) Maintained in electronic media; or

(iii) Transmitted or maintained in any other form or medium.[2]

42.    HIPAA and HITECH obligated Defendant to implement technical policies and procedures for electronic information systems that maintain electronic protected health information so that such systems were accessible only to those persons or software programs that had been granted access rights and who have a working need to access and view the information. *See* 45 C.F.R. § 164.312(a)(1); *see also* 42 U.S.C. §17902.

43.    HIPAA and HITECH also obligated Defendant to implement policies and procedures to prevent, detect, contain, and correct security violations, and to protect against uses or disclosures of electronic protected health information that are reasonably anticipated but not permitted by the privacy rules. *See* 45 C.F.R. § 164.306(a)(1) and § 164.306(a)(3); *see also* 42 U.S.C. §17902.

44.    HIPAA further obligated Defendant to ensure that its workforce complied with HIPAA security standard rules (*see* 45 C.F.R. § 164.306(a)(4)) to effectively train its workforces on the policies and procedures with respect to protected health information, as necessary and appropriate for those individuals to carry out their functions and maintain the security of protected health information. *See* 45 C.F.R. § 164.530(b)(1).

45.    HIPAA also requires the Office of Civil Rights ("OCR"), within the Department of Health and Human Services ("HHS"), to issue annual guidance documents on the provisions in the HIPAA Security Rule. *See* 45 C.F.R. §§ 164.302-164.318. For example, "HHS has developed guidance and tools to assist HIPAA covered entities in identifying and implementing the most cost effective and appropriate administrative, physical, and technical safeguards to protect the

---

[2] 45 C.F.R. § 160.103

*Clerk of the District Court, Johnson County Kansas*
*04/20/21 03:56pm MM*

EXHIBIT A

confidentiality, integrity, and availability of e-PHI and comply with the risk analysis requirements of the Security Rule." *See* US Department of Health & Human Services, Security Rule Guidance Material.[3] The list of resources includes a link to guidelines set by the National Institute of Standards and Technology (NIST), which OCR says "represent the industry standard for good business practices with respect to standards for securing e-PHI." *See* US Department of Health & Human Services, Guidance on Risk Analysis.[4]

46.    Should a health care provider experience an unauthorized disclosure, it is required to conduct a Four Factor Risk Assessment (HIPAA Omnibus Rule).  This standard requires, "A covered entity or business associate must now undertake a four-factor risk assessment to determine whether or not PHI has been compromised and overcome the presumption that the breach must be reported.  The four-factor risk assessment focuses on:

> (1) the nature and extent of the PHI involved in the incident (e.g., whether the incident involved sensitive information like social security numbers or infectious disease test results);
>
> (2) the recipient of the PHI;
>
> (3) whether the PHI was actually acquired or viewed; and
>
> (4) the extent to which the risk that the PHI was compromised has been mitigated following unauthorized disclosure (e.g., whether it was immediately sequestered and destroyed)."[5]

---

[3] http://www.hhs.gov/hipaa/for-professionals/security/guidance/index.html
[4] https://www.hhs.gov/hipaa/for-professionals/security/guidance/guidance-risk-analysis/index.html
[5] 78 Fed. Reg. 5641-46, *See also*, 45 C.F.R. §164.304

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

47.     The HIPAA Breach Notification Rule, 45 CFR §§ 164.400-414, requires HIPAA covered entities and their business associates to provide notification following a breach of unsecured protected health information.

48.     The HIPAA Contingency Operations Rule, 45 C.F.R. §164.301(a), requires a healthcare provider to have security measures in place and train its employees and staff so that all its staff and employees know their rolls in facility security.

49.     Defendant failed to provide proper notice to Plaintiff of the disclosure.

50.     Defendant failed to conduct or improperly conducted the four factor risk assessment following the unauthorized disclosure.

51.     As a direct and/or proximate result of Defendant's wrongful actions and/or inaction and the resulting Breach, the criminal(s) and/or their customers now have Plaintiff's and the other Class Members' compromised PHI and PII.

52.     There is a robust international market for the purloined PHI and PII, specifically medical information.  Defendant's wrongful actions and/or inaction and the resulting Breach have also placed Plaintiff and the other Class Members at an imminent, immediate and continuing increased risk of identity theft, identity fraud[6] and medical fraud.

53.     Identity theft occurs when someone uses an individual's PHI and PII, such as the person's name, Social Security number, or credit card number, without the individual's permission, to commit fraud or other crimes. *See* Federal Trade Commission, Fighting Back against Identity Theft, http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/ about-identity-

---

[6] According to the United States Government Accounting Office (GAO), the terms "identity theft" or "identity fraud" are broad terms encompassing various types of criminal activities.  Identity theft occurs when PII is used to commit fraud or other crimes.  These crimes include, *inter alia*, credit card fraud, phone or utilities fraud, bank fraud and government fraud (theft of government services).

*Clerk of the District Court, Johnson County Kansas*
                                                                *04/20/21  03:56pm MM*

EXHIBIT A

theft.html (last visited Jan. 18, 2013). The Federal Trade Commission estimates that the identities of as many as nine million Americans are stolen each year. *Id.*

54.     The Federal Trade Commission correctly sets forth that "Identity theft is serious. While some identity theft victims can resolve their problems quickly, others spend hundreds of dollars and many days repairing damage to their good name and credit record. Some consumers victimized by identity theft may lose out on job opportunities, or be denied loans for education, housing or cars because of negative information on their credit reports. In rare cases, they may even be arrested for crimes they did not commit." *Id.*

55.     Identity theft crimes often involve more than just crimes of financial loss, such as various types of government fraud (such as obtaining a driver's license or official identification card in the victim's name but with their picture), using a victim's name and Social Security number to obtain government benefits and/or filing a fraudulent tax return using a victim's information. Identity thieves also obtain jobs using stolen Social Security numbers, rent houses and apartments and/or obtain medical services in a victim's name. Identity thieves also have been known to give a victim's PHI and PII to police during an arrest, resulting in the issuance of an arrest warrant in the victim's name and an unwarranted criminal record.

56.     According to the FTC, "the range of privacy-related harms is more expansive than economic or physical harm or unwarranted intrusions and that any privacy framework should recognize additional harms that might arise from unanticipated uses of data."[7] Furthermore, "there is significant evidence demonstrating that technological advances and the ability to combine

_____

[7] *Protecting Consumer Privacy in an Era of Rapid Change* FTC, Report March 2012 (http://www.ftc.gov/os/2012/03/120326privacyreport.pdf).

11

EXHIBIT A

disparate pieces of data can lead to identification of a consumer, computer or device even if the individual pieces of data do not constitute PII."[8]

57.    According to the Javelin Report, in 2011, the mean consumer cost of rectifying identity fraud was $354 while the mean resolution time of identity fraud was 12 hours. *Id.* at 6. In 2011, the consumer cost for new account fraud and existing non-card fraud increased 33% and 50% respectively. *Id.* at 9.    Consumers who received a data breach notification had a fraud incidence rate of 19% in 2011 and, of those experiencing fraud, 43% reported their credit card numbers were stolen and 22% of the victims reported their debit card numbers were stolen. *Id.* at 10.    More important, consumers who were notified that their PHI and PII had been breached were 9.5 times more likely to experience identity fraud than consumers who did not receive such a notification. *Id.* at 39.

58.    The unauthorized disclosure of a person's Social Security number can be particularly damaging since Social Security numbers cannot be easily replaced like a credit card or debit card.    In order to obtain a new Social Security number, a person must show evidence that someone is using the number fraudulently or is being disadvantaged by the misuse.    *See* Identity Theft and Your Social Security Number, SSA Publication No. 05-10064, October 2007, ICN 46327 (http://www.ssa.gov/pubs/10064.html).    Thus, a person whose PHI and/or PII has been stolen cannot obtain a new Social Security number until the damage has already been done.

59.    Obtaining a new Social Security number also is not an absolute prevention against identity theft. Government agencies, private businesses and credit reporting companies likely still

---

[8] *Protecting Consumer Privacy in an Era of Rapid Change: A Proposed Framework for Businesses and Policymakers, Preliminary FTC Staff Report*, 35-38 (Dec. 2010), *available at* http://www.ftc.gov/os/2010/12/101201privacyreport.pdf; *Comment of Center for Democracy & Technology*, cmt. #00469, at 3; *Comment of Starz, Inc.*, cmt. #00377, at 11-12.

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

have the person's records under the old number, so using a new number will not guarantee a fresh start. For some victims of identity theft, a new number may actually create new problems; because prior positive credit information is not associated with the new Social Security number, it is more difficult to obtain credit due to the absence of a credit history.

60.     Medical fraud (or medical identity theft) occurs when a person's personal information is used without authorization to obtain, or receive payment for, medical treatment, services or goods. *See* www.ftc.gov/bcp/edu/microsites/idtheft/consumers/resolving-specific-id-theft-problems.html. For example, as of 2010, more than 50 million people in the United States did not have health insurance according to the U.S. census. This, in turn, has led to a surge in medical identity theft as a means of fraudulently obtaining medical care. "Victims of medical identity theft [also] may find that their medical records are inaccurate, which can have a serious impact on their ability to obtain proper medical care and insurance benefits." *Id.*

61.     Defendant flagrantly disregarded and/or violated Plaintiff's and the other Class Members' privacy and property rights, and harmed them in the process, by not obtaining Plaintiff's and the other Class Members' prior written consent to disclose their PHI and PII to any other person—as required by laws, regulations, industry standards and/or internal company standards.

62.     Defendant flagrantly disregarded and/or violated Plaintiff's and the other Class Members' privacy and property rights, and harmed them in the process, by failing to safeguard and protect and, in fact, wrongfully disseminating Plaintiff's and the other Class Members' PHI and PII to unauthorized persons.

63.     Upon information and belief, Defendant flagrantly disregarded and/or violated Plaintiff's and the other Class Members' privacy and property rights, and harmed them in the

EXHIBIT A

process, by failing to keep or maintain an accurate accounting of the PHI and PII wrongfully disclosed in the Breach.

64.     Defendant flagrantly disregarded and/or violated Plaintiff's and the other Class Members' privacy rights, and harmed them in the process, by failing to establish and/or implement appropriate administrative, technical and/or physical safeguards to ensure the security and confidentiality of Plaintiff's and the other Class Members' PHI and PII to protect against anticipated threats to the security or integrity of such information. Defendant's unwillingness or inability to establish and maintain the proper information security procedures and controls is an abuse of discretion and confirms its intentional and willful failure to observe procedures required by law, industry standards and/or their own internal policies and procedures.

65.     The actual harm and adverse effects to Plaintiff and the other Class Members, including the imminent, immediate and continuing increased risk of harm for identity theft, identity fraud and/or medical fraud directly and/or proximately caused by Defendant's above wrongful actions and/or inaction and the resulting Breach requires Plaintiff and the other Class Members to take affirmative acts to recover their peace of mind, and personal security including, without limitation, purchasing credit reporting services, purchasing credit monitoring and/or internet monitoring services, frequently obtaining, purchasing and reviewing credit reports, bank statements, and other similar information, instituting and/or removing credit freezes and/or closing or modifying financial accounts—for which there is a financial and temporal cost. Plaintiff and the other Class Members have suffered, and will continue to suffer, such damages for the foreseeable future.

66.     Victims and potential victims of identity theft, identity fraud and/or medical fraud—such as Plaintiff and the other Class Members—typically spend hundreds of hours in

14          *Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

personal time and hundreds of dollars in personal funds to resolve credit and other financial issues resulting from data breaches. *See Defend: Recover from Identity Theft*, http://www.ftc.gov/bcp/edu/microsites/idtheft//consumers/defend.html; *Fight Identity Theft*, www.fightidentitytheft.com. According to the Javelin Report, not only is there a substantially increased risk of identity theft and identity fraud for data breach victims, those who are further victimized by identity theft or identity fraud will incur an average fraud-related economic loss of $1,513 and incur an average of $354 of out-of-pocket expenses attempting to rectify the situation. *Id.* at 6.

67.     Other statistical analyses are in accord. The GAO found that identity thieves use PHI and PII to open financial accounts and payment card accounts and incur charges in a victim's name. This type of identity theft is the "most damaging" because it may take some time for the victim to become aware of the theft, in the meantime causing significant harm to the victim's credit rating and finances. Moreover, unlike other PHI and PII, Social Security numbers are incredibly difficult to change and their misuse can continue for years into the future. The GAO states that victims of identity theft face "substantial costs and inconvenience repairing damage to their credit records," as well the damage to their "good name."

68.     Defendant's wrongful actions and/or inaction directly and/or proximately caused the theft and dissemination into the public domain of Plaintiff's and the other Class Members' PHI and PII without their knowledge, authorization and/or consent. As a direct and/or proximate result of Defendant's wrongful actions and/or inaction and the resulting Breach, Plaintiff and the other Class Members have incurred (and will continue to incur) damages in the form of, *inter alia*, (i) loss of privacy, (ii) the imminent, immediate and continuing increased risk of identity theft, identity fraud and/or medical fraud, (iii) out-of-pocket expenses to purchase credit monitoring,

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

internet monitoring, identity theft insurance and/or other Breach risk mitigation products, (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft, identity fraud and/or medical fraud pressed upon them by the Breach, including the costs of placing a credit freeze and subsequently removing a credit freeze, (v) the value of their time spent mitigating the increased risk of identity theft, identity fraud and/or medical fraud pressed upon them by the Breach and (vi) the lost benefit of their bargain when they paid for their privacy to be protected and it was not

## CLASS ACTION ALLEGATIONS

69.    Pursuant to KS Stat § 60-223, Plaintiff brings this class action as a class action on behalf of herself and the following citizens who are similarly situated individuals:

**All citizens who were patients of Defendant since August 31, 2015 and whose PHI and/or PII was disclosed by Defendant to unauthorized third parties.**

70.    On information and belief, the putative Class is comprised of tens of thousands of individuals making joinder impracticable.  Disposition of this matter as a class action will provide substantial benefits and efficiencies to the Parties and the Court.

71.    The rights of Plaintiff and each other Class Member were violated in a virtually identical manner as a direct and/or proximate result of Defendant's willful, reckless and/or negligent actions and/or inaction and the resulting Breach.

72.    Questions of law and fact common to all Class Members exist and predominate over any questions affecting only individual Class Members including, *inter alia*:

  a)    Whether Defendant willfully, recklessly and/or negligently failed to maintain and/or execute reasonable procedures designed to prevent unauthorized access to Plaintiff's and the other Class Members' PHI and/or PII;

  b)    Whether Defendant was negligent in failing to properly safeguard and protect Plaintiff's and the other Class Members' PHI and/or PII;

*Clerk of the District Court, Johnson County Kansas*
    *04/20/21  03:56pm MM*

EXHIBIT A

c)  Whether Defendant owed a duty to Plaintiff and the other Class Members to exercise reasonable care in safeguarding and protecting their PHI and/or PII;

d)  Whether Defendant breached its duty to exercise reasonable care in failing to safeguard and protect Plaintiff's and the other Class Members' PHI and/or PII;

e)  Whether Defendant was negligent in failing to safeguard and protect Plaintiff's and the other Class Members' PHI and/or PII;

f)  Whether, by publicly disclosing Plaintiff's and the other Class Members' PHI and/or PII without authorization, Defendant invaded their privacy; and

g)  Whether Plaintiff and the other Class Members sustained damages as a result of Defendant's failure to safeguard and protect their PHI and/or PII.

73.  Plaintiff and her counsel will fairly and adequately represent the interests of the other Class Members. Plaintiff has no interests antagonistic to, or in conflict with, the other Class Members' interests. Plaintiff's lawyers are highly experienced in the prosecution of consumer class action and data breach cases.

74.  Plaintiff's claims are typical of the other Class Members' claims in that Plaintiff's claims and the other Class Members' claims all arise from Defendant's failure to properly safeguard and protect their PHI and PII.

75.  A class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiff's and the other Class Members' claims. Plaintiff and the other Class Members have been harmed as a result of Defendant's wrongful actions and/or inaction and the resulting Breach. Litigating this case as a class action will reduce the possibility of repetitious litigation relating to Defendant's conduct.

76.  Class certification, therefore, is appropriate pursuant to KS Stat § 60-223(2) because the above common questions of law or fact predominate over any questions affecting individual Class

*Clerk of the District Court, Johnson County Kansas*
*04/20/21 03:56pm MM*

EXHIBIT A

Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

77.     Class certification also is appropriate pursuant to KS Stat § 60-223(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

78.     The expense and burden of litigation would substantially impair the ability of Class Members to pursue individual lawsuits in order to vindicate their rights.  Absent a class action, Defendant will retain the benefits of its wrongdoing despite its serious violations of the law.

## COUNT I
## OUTRAGEOUS CONDUCT

79.     Plaintiff and the other Class Members incorporate by reference the allegations of the foregoing paragraphs as though set forth fully herein.

80.     At all times relevant hereto, Defendant owes a duty to Plaintiff and the other Class Members to keep patient medical information private, and not reveal patient medical information to third parties without first obtaining the patient's expressed consent.

81.     Defendant disclosed Plaintiff's and other Class Members' highly sensitive private medical information to the public either intentionally or with reckless disregard for Plaintiff and the other Class Members.

82.     Defendant's conduct was extreme and outrageous and caused Plaintiff and the other Class Members extreme and severe mental distress.

83.     As a direct result of Defendant's actions Plaintiffs suffered harms, including, without limitation, loss of his privacy, emotional distress, lost medical expenses, embarrassment, humiliation, shame and loss of enjoyment of life.

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

## COUNT II
## BREACH OF IMPLIED CONTRACT

84.     The preceding factual statements and allegations are incorporated herein by reference.

85.     Plaintiff and the other Class Members, as part of their agreement with Defendant, provided Defendant their PHI and PII.

86.     In providing such PHI and PII, Plaintiff and the other Class Members entered into an implied contract with Defendant, whereby Defendant became obligated to reasonably safeguard Plaintiff's and the other Class members' PHI and PII.

87.     Under the implied contract, Defendant was obligated to not only safeguard the PHI and PII, but also to provide Plaintiff and Class Members with prompt, adequate notice of any Data Breach or unauthorized access of said information.

88.     Defendant breached the implied contract with Plaintiff and the other Class Members by failing to take reasonable measures to safeguard their PHI and PII.

89.     As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiff's and the member of the Class confidential medical information, Plaintiff and the members of the Class suffered damages, including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life.

90.     Plaintiff and the other Class Members suffered and will continue to suffer damages including, but not limited to:  (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud and/or the

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress. At the very least, Plaintiff and Class Members are entitled to nominal damages.

<div align="center">

**COUNT III**
**NEGLIGENCE**

</div>

91.     The preceding factual statements and allegations are incorporated herein by reference.

92.     Defendant owed, and continues to owe, a duty to Plaintiff and the other Class Members to safeguard and protect their PHI and PII.

93.     Defendant breached its duty by failing to exercise reasonable care and failing to safeguard and protect Plaintiff's and the other Class Members' PHI and PII.

94.     It was reasonably foreseeable that Defendant's failure to exercise reasonable care in safeguarding and protecting Plaintiff's and the other Class Members' PHI and PII would result in an unauthorized third party gaining access to such information for no lawful purpose.

95.     As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiff's and the member of the Class confidential medical information, Plaintiff and the members of the Class suffered damages, including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life.

96.     Plaintiff's and the other Class members suffered and will continue to suffer damages including, but not limited to:  (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

<div align="center">

EXHIBIT A

</div>

and/or the increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress.  At the very least, Plaintiff and the other Class members are entitled to nominal damages.

97.     Defendant's wrongful actions and/or inaction and the resulting Breach (as described above) constituted (and continue to constitute) negligence at common law.

## COUNT IV
## INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS

98.     The preceding factual statements and allegations are incorporated herein by reference.

99.     Plaintiff's and the other Class Members' PHI and PII was (and continues to be) sensitive and personal private information.

100.     By virtue of Defendant's failure to safeguard and protect Plaintiff's and the other Class Members' PHI and PII and the resulting Breach, Defendant wrongfully disseminated Plaintiff's and the other Class Members' PHI and PII to unauthorized persons.

101.     Dissemination of Plaintiff's and the other Class Members' PHI and PII is not of a legitimate public concern; publicity of their PHI and PII was, is and will continue to be offensive to Plaintiff, the other Class Members and all reasonable people. The unlawful disclosure of same violates public mores.

102.     As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiff's and the member of the Class confidential medical information, Plaintiff and the members of the Class suffered damages, including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life.

EXHIBIT A

103.    Plaintiff and the other Class members suffered and will continue to suffer damages including, but not limited to:  (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress. At the very least, Plaintiff and the other Class Members are entitled to nominal damages.

104.    Defendant's wrongful actions and/or inaction and the resulting Breach (as described above) constituted (and continue to constitute) an invasion of Plaintiff's and the other Class Members' privacy by publicly and wrongfully disclosing their private facts (*i.e.*, their PHI and PII) without their authorization or consent.

## COUNT V
## BREACH OF FIDUCIARY DUTY OF CONFIDENTIALITY

105.    The preceding factual statements and allegations are incorporated herein by reference.

106.    At all times relevant hereto, Defendant owed, and owes, a fiduciary duty to Plaintiff and the proposed class pursuant to Kansas common law, to keep Plaintiff's medical and other PHI and PII information confidential.

107.    The fiduciary duty of privacy imposed by Kansas law is explicated under the procedures set forth in the Health Insurance Portability and Accountability Act Privacy Rule, including, without limitation the procedures and definitions of 45 C.F.R. §160.103 and 45 C.F.R.

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

§164.530 which requires a covered entity, health care provider, to apply appropriate administrative, technical, and physical safeguards to protect the privacy of patient medical records.

108.    Defendant breached its fiduciary duty to Plaintiff by disclosing Plaintiff and the other Class Members PHI and PII to unauthorized third parties.

109.    As a direct result of Defendant's breach of fiduciary duty of confidentiality and the disclosure of Plaintiff's confidential medical information, Plaintiff and the proposed Class Members suffered damages.

110.    As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiff's and the member of the Class confidential medical information, Plaintiff and the members of the Class suffered damages, including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life.

111.    Plaintiff and the other Class Members suffered and will continue to suffer damages including, but not limited to: (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress. At the very least, Plaintiff and the other Class Members are entitled to nominal damages

## COUNT VI
## NEGLIGENT TRAINING AND SUPERVISION

23

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

112.    The preceding factual statements and allegations are incorporated herein by reference.

113.    At all times relevant hereto, Defendant owes a duty to Plaintiff and the Class to hire competent employees and agents, and to train and supervise them to ensure they recognize the duties owed to their patients and their parents.

114.    Defendant breached its duty to Plaintiff and the member of the Class by allowing its employees and agents to give access to patient medical records to an unauthorized user.

115.    As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiff's and the member of the Class confidential medical information, Plaintiff and the members of the Class suffered damages, including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life.

116.    Plaintiff and the other Class members suffered and will continue to suffer damages including, but not limited to: (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress. At the very least, Plaintiff and the other Class Members are entitled to nominal damages.

117.    Defendant's wrongful actions and/or inaction and the resulting Breach (as described above) constituted (and continue to constitute) an invasion of Plaintiff's and the other

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

Class Members' privacy by publicly and wrongfully disclosing their private facts (*i.e.*, their PHI and PII) without their authorization or consent.

<div align="center">

**COUNT VII**
**NEGLIGENCE *PER SE***

</div>

118.   Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein

119.   Plaintiff was under the medical care of the Defendant.

120.   The Defendant is a covered entity for purposes of HIPAA.

121.   Plaintiff is a member of the class HIPAA and HITECH were created to protect.

122.   Plaintiff's private health information is the type of information HIPAA and HITECH were created to protect. HIPAA and HITECH were created to protect against the wrongful and unauthorized disclosure of an individual's health information.

123.   The Defendant gave protected medical information to an unauthorized third party or unauthorized third parties without the written consent or authorization of Plaintiff.

124.   The Defendant gave protected medical information to unauthorized third parties without Plaintiff's oral consent or written authorization.

125.   The information disclosed to an unauthorized third party or unauthorized third parties included private health information about medical treatment.

126.   The Defendant's disclosure of the private health information of Plaintiff without consent or authorization is a violation of HIPAA and HITECH and is negligence *per se*.

127.   Alternatively, Defendant violated HIPAA and HITECH in that it did not reasonably safeguard the private health information of Plaintiff from any intentional or unintentional use or disclosure that is in violation of the standards, implementation specifications or other requirements

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

<div align="center">

EXHIBIT A

</div>

pursuant to HIPAA and HITECH including, but not limited to, 42 C.F.R. §§ 164.302-164.318, 45 C.F.R. § 164.500, *et seq*, and 42 U.S.C. §17902, and was therefore negligent *per se*.

128.   As a direct result of Defendant's negligence, Plaintiffs suffered damages and injuries, including, without limitation, loss of the benefit of their bargain, a reduction in value of their private health information, loss of privacy, loss of medical expenses, loss of trust, loss of confidentiality, embarrassment, humiliation, emotional distress, and loss of enjoyment of life.

129.   Plaintiff and the other Class members suffered and will continue to suffer damages including, but not limited to:  (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress. At the very least, Plaintiff and the other Class Members are entitled to nominal damages.

130.   As a direct result of Defendant's negligence, Plaintiff have a significantly increased risk of being future victims of identity theft relative to what would be the case in the absence of the Defendant's wrongful acts.

131.   As a direct result of Defendant's negligence, future monitoring, in the form of identity-theft or related identity protection is necessary in order to properly warn Plaintiffs of, and/or protect Plaintiffs from, being a victim of identity theft or other identity-related crimes.

132.   Plaintiff, individually and on behalf of the Class, seek actual damages for all monies paid to Defendant in violation of the HIPAA and HITECH.  In addition, Plaintiff seeks attorneys' fees.

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Petition, respectfully request that the Court enter judgment in their favor and against Defendant, as follows:

A.  Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representatives and appointing Plaintiff's counsel as Lead Counsel for the Class;

B.  Declaring that Defendant's conduct was extreme and outrageous;

C.  Declaring that Defendant breached its implied contract with Plaintiff and Class Members;

D.  Declaring that Defendant negligently disclosed Plaintiff's and the Class Members PHI and PII;

E.  Declaring that Defendant has invaded Plaintiff's and Class Members' privacy;

F.  Declaring that Defendant breached its fiduciary duty to Plaintiff and the Class Members;

G.  Declaring that Defendant breached its implied contract with Plaintiff and the Class Members;

H.  Declaring that Defendant was negligent by negligently training and supervising its employees and agents;

I.  Ordering Defendant to pay actual damages to Plaintiff and the Class Members;

J.  Ordering Defendant to properly disseminate individualized notice of the Breach to all Class Members;

K.  For an Order enjoining Defendant from continuing to engage in the unlawful business practices alleged herein;

L.  Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff;

M.  Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

N.    Ordering such other and further relief as may be just and proper.

Respectfully submitted,

Maureen M. Brady

_____
Maureen M. Brady      KS #22460
Lucy McShane          KS #22517
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone:  (816) 888-8010
Facsimile:  (816) 332-6295
E-mail:  mbrady@mcshanebradylaw.com
         lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

And

Phyllis A. Norman      KS #
NORMAN & GRAVES LAW FIRM
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com
**ATTORNEY FOR PLAINTIFFS**

Mitchell L. Burgess    KS #
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

28          *Clerk of the District Court, Johnson County Kansas*
            *04/20/21 03:56pm MM*

**EXHIBIT A**

21CV01716
Div4

## IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

C.C., individually and on behalf of all            )
others similarly situated,                          )
                                                    )
          Plaintiffs,                               )
                                                    )
     v.                                             )     Case No:
                                                    )     Division:
**MED-DATA INCORPORATED**                           )
Serve:                                              )
Cogency Global, Inc.                                )
2101 SW 21st Street                                 )
Topeka, KS 66604                                    )
                                                    )
          Defendant.                                )

## <u>MOTION TO KEEP THE IDENTITY OF PLAINTIFF PRIVATE</u>

**COMES NOW** Plaintiff, by and through counsel, and for her Motion to keep her identity private throughout the course of this litigation.  In support of her Motion, Plaintiff states as follows:

1.     Plaintiff is a private citizen who was a patient at Defendant's medical center.

2.     Defendant was under a duty pursuant to state and federal law to keep Plaintiff's medical records, including her identity, confidential and protect against the publication of her private information, including her identity.

3.     On or about March 31, 2020 Defendant violated its duty and released Plaintiff's medical information to the public.

4.     As a result of Defendant's actions, Plaintiff has filed the instant litigation.

5.     Defendant's actions have already caused Plaintiff permanent and irreparable harm to her privacy.

6.     Ongoing and further harm would be done to Plaintiff if she were forced to reveal her identity in the course of this litigation which would trigger further association to cases pending throughout the State of Kansas.

1                    *Clerk of the District Court, Johnson County Kansas*
                                      *04/20/21  03:56pm MM*

EXHIBIT A

7.      No prejudice will befall Defendant to maintain Plaintiff's privacy throughout this litigation as Defendant has a continuing duty to maintain Plaintiff's privacy which is not alleviated by the filing of this suit.

WHEREFORE, Plaintiff respectfully requests this Court to order that Plaintiff's identity remain private throughout this litigation and for such further orders as the Court deems necessary under the circumstances.

Respectfully submitted,

*Maureen M. Brady*

Maureen M. Brady      KS #22460
Lucy McShane          KS #22517
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone:  (816) 888-8010
Facsimile:  (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
        lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

And

Phyllis A. Norman      KS #
NORMAN & GRAVES LAW FIRM
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngklaw.com
**ATTORNEY FOR PLAINTIFFS**

Mitchell L. Burgess    KS #
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701

2        *Clerk of the District Court, Johnson County Kansas*
         *04/20/21  03:56pm MM*

EXHIBIT A

Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

21CV01716
Div4

IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| C.C., individually and on behalf of all others similarly situated, | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No: |
| | ) Division: |
| MED-DATA INCORPORATED | ) |
| Serve: | ) |
| Cogency Global, Inc. | ) |
| 2101 SW 21st Street | ) |
| Topeka, KS 66604 | ) |
| | ) |
| Defendant. | ) |

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, on behalf of herself and the other Class Members, respectfully demands a trial by jury on all of her claims and causes of action so triable.

Respectfully submitted,

*Maureen M. Brady*

Maureen M. Brady     KS #22460
Lucy McShane     KS #22517
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone:  (816) 888-8010
Facsimile:  (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
          lmcshane@mcshanebradylaw.com
ATTORNEYS FOR PLAINTIFFS

And

Phyllis A. Norman     KS #

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

NORMAN & GRAVES LAW FIRM
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com
**ATTORNEY FOR PLAINTIFFS**

Mitchell L. Burgess    KS #
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

EXHIBIT A

21CV01716
Div4

IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

C.C., individually and on behalf of all )
others similarly situated, )
                                  )
        Plaintiffs, )
                                  )
      v. )   Case No:
                                  )   Division:
MED-DATA INCORPORATED )
Serve: )
Cogency Global, Inc. )
2101 SW 21st Street )
Topeka, KS 66604 )
                                  )
        Defendant. )

## ENTRY OF APPEARANCE

    **COMES NOW** Maureen M. Brady of the law firm of McShane & Brady, LLC, and hereby

enters her appearance as counsel on behalf of Plaintiff C.C. in the above-referenced matter.

                        Respectfully submitted,

                        *Maureen M. Brady*

                        ————————————————
                        Maureen M. Brady   KS# 22460
                        Lucy McShane      KS# 22517
                        McSHANE & BRADY, LLC
                        1656 Washington Street, Suite 120
                        Kansas City, MO 64108
                        Phone: (816) 888-8010
                        Fax: (816) 332-6295
                        E-mail: mbrady@mcshanebradylaw.com
                                   lmcshane@mcshanebradylaw.com
                        **ATTORNEYS FOR PLAINTIFF**

*Clerk of the District Court, Johnson County Kansas*
*04/20/21 03:56pm MM*

EXHIBIT A

21CV01716
Div4

IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

C.C., individually and on behalf of all ) 
others similarly situated, )
)
      Plaintiffs, )
)
      v. )    Case No:
)    Division:
MED-DATA INCORPORATED )
Serve: )
Cogency Global, Inc. )
2101 SW 21st Street )
Topeka, KS 66604 )
)
      Defendant. )

## <u>ENTRY OF APPEARANCE</u>

    **COMES NOW** Lucy McShane of the law firm of McShane & Brady, LLC, and hereby

enters her appearance as counsel on behalf of Plaintiff C.C. in the above-referenced matter.

                 Respectfully submitted,

                 *Lucy McShane*

                 Maureen M. Brady   KS# 22460
                 Lucy McShane     KS# 22517
                 MCSHANE & BRADY, LLC
                 1656 Washington Street, Suite 120
                 Kansas City, MO 64108
                 Phone:  (816) 888-8010
                 Fax:  (816) 332-6295
                 E-mail: mbrady@mcshanebradylaw.com
                          lmcshane@mcshanebradylaw.com
                 **ATTORNEYS FOR PLAINTIFF**

EXHIBIT A

21CV01716
Div4

## IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| C.C., individually and on behalf of all<br>others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**MED-DATA INCORPORATED**<br>Serve:<br>Cogency Global, Inc.<br>2101 SW 21st Street<br>Topeka, KS 66604<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No:
Division:

### DESIGNATION OF LEAD COUNSEL

**COMES NOW** Plaintiff C.C. hereby designates Lucy McShane of the law firm of

McShane & Brady, LLC, as lead counsel in the above-referenced matter.

Respectfully submitted,

*Lucy McShane*

Maureen M. Brady      KS# 22460
Lucy McShane          KS# 22517
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Phone:  (816) 888-8010
Fax:  (816) 332-6295
E-mail:  mbrady@mcshanebradylaw.com
         lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFF**

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

21CV01716
Div4

## IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| C.C., individually and on behalf of all others similarly situated, | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) ) |
| | ) |
| **MED-DATA INCORPORATED** | ) |
| Serve: | ) |
| Cogency Global, Inc. | ) |
| 2101 SW 21st Street | ) |
| Topeka, KS 66604 | ) |
| | ) |
| Defendant. | ) |

Case No:
Division:

## MOTION AND ORDER FOR
## APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for

Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal

Names (s): who are qualified persons to serve process, are not parties and are not less than eighteen

(18) years of age, as private process servers in the above cause to serve process in this case.

| | | |
|---|---|---|
| Jamie Andrews PPS21-0022 | Norman Diggs PPS21-0125 | Wendy Hilgenberg PPS21-0050 |
| Sallie Bailey PPS21-0023 | Edwina Ditmore PPS21-0126 | Brent Kirkhart PPS21-0051 |
| Brian Bankowski PPS21-0099 | William Ferrell PPS21-0034 | Janice Kirkhart PPS21-0052 |
| Dustin Becraft PPS21-0024 | Robert Finley PPS21-0035 | Tyler Kirkhart PPS21-0053 |
| Carrington Bell PPS21-0025 | Ramona Foster PPS21-0132 | Raymond Land PPS21-0162 |
| Miranda Bergner PPS21-0101 | James Frago PPS21-0036 | Bert Lott PPS21-0054 |
| Steven Bergner PPS21-0026 | John Frago PPS21-0037 | Frank Lundien PPS21-0168 |
| Thomas Bogue PPS21-0027 | David Garza PPS21-0134 | Chad Maier PPS21-0170 |
| Mathew Bohrer PPS21-0103 | Bradley Gordon PPS21-0038 | Kenneth Marshall PPS21-0171 |
| Arthur Boyer PPS21-0028 | Thomas Gorgen PPS21-0039 | Deborah Martin PPS21-0055 |
| Scott Brady PPS21-0029 | Mason Gray PPS21-0140 | Michael Martin PPS21-0056 |
| Donald Branda PPS21-0104 | Charles Gunning PPS21-0040 | Timothy McLeary PPS21-0057 |
| Jeff Brown PPS21-0030 | Michael Hancock PPS21-0041 | Michael Meador PPS21-0058 |
| Randy Burrow PPS21-0107 | James Hannah PPS21-0042 | Maria Meier PPS21-0059 |
| Gary Burt PPS21-0031 | Rufus Harmon PPS21-0043 | Heather Merfen PPS21-0060 |
| Glen Cobb PPS21-0114 | Stephen Heitz PPS21-0044 | Thomas Melte PPS21-0061 |
| Norman Collins PPS21-0115 | James Hise PPS21-0045 | Jill Miller PPS21-0178 |
| Michael Conklin PPS21-0120 | William Hockersmith PPS21-0046 | Michael Miller PPS21-0062 |
| Lisa Corbett PPS21-0122 | Mike Johnson PPS21-0047 | Matthew Millhollin PPS21-0063 |
| David Dice PPS21-0032 | Tawanda Johnson PPS21-0048 | Jason Moody PPS21-0064 |
| Maureen Dice PPS21-0033 | Patrick Jones PPS21-0049 | Jeremy Nicholas PPS21-0065 |

1

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

## EXHIBIT A

| | | |
|---|---|---|
| Michael Noble PPS21-0066 | Edna Russell PPS21-0078 | Randy Stone PPS21-0219 |
| Greg Noll PPS21-0067 | Juan Santos PPS21-0207 | Sonja Stone PPS21-0218 |
| Robert Peters PPS21-0193 | Brian Scheer PPS21-0208 | Lucas Traugott PPS21-0223 |
| Carrie Pfeifer PPS21-0068 | Brenda Schiwitz PPS21-0079 | Ryan Weekley PPS21-0084 |
| Craig Poese PPS21-0069 | Mark Schneider PPS21-0209 | Misty Wege PPS21-0230 |
| Dee Powell PPS21-0070 | Joe Sherrod PPS21-0212 | Andrew Wheeler PPS21-0085 |
| Samantha Powell PPS21-0071 | Michael Siegel PPS21-0213 | Pamela Wheetley PPS21-0086 |
| William Powell PPS21-0072 | Robert Simpson PPS21-0214 | Andrew Wickliffe PPS21-0087 |
| Kim Presler PPS21-0073 | Laura Skinner PPS21-0080 | Gregory Willing PPS21-0088 |
| Marcus Presler PPS21-0074 | Thomas Skinner PPS21-0081 | Conni Wilson PPS21-0089 |
| Mark Rauss PPS21-0075 | Richard Skyles PPS21-0082 | Stan Yoder PPS21-0233 |
| Jason Rodgers PPS21-0076 | Anthony Spada PPS21-0083 | Jacqueline Young PPS21-0090 |
| Richard Roth PPS21-0077 | John Stotler PPS21-0220 | Greg Zotta PPS21-0091 |

Respectfully submitted,

*Maureen M. Brady*

Maureen M. Brady    KS #22460
Lucy McShane    KS #22517
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone:  (816) 888-8010
Facsimile:  (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
       lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**


And


Phyllis A. Norman    KS #
NORMAN & GRAVES LAW FIRM
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com
**ATTORNEY FOR PLAINTIFFS**

2        *Clerk of the District Court, Johnson County Kansas*
         *04/20/21  03:56pm MM*

EXHIBIT A

Mitchell L. Burgess     KS #
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private

process server is sustained, and the above-named individual is hereby approved and appointed to

serve process in the above-captioned matter.

IT IS HEREBY ORDERED.

DATE: _____

/s/ MELISSA MERCER
Dated: 04/22/21
Judge of the District Court

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

21CV01716
Div4

IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| C.C., individually and on behalf of all<br>others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>**MED-DATA INCORPORATED**<br>Serve:<br>Cogency Global, Inc.<br>2101 SW 21st Street<br>Topeka, KS 66604<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No:
Division:

## CERTIFICATE OF SERVICE

**COMES NOW** Plaintiff, by and through counsel, and hereby certifies that copies in paper and electronic format of *Plaintiff's Opening Interrogatories to Defendant* and *Plaintiff's First Requests for Production of Documents to Defendant* were served along with the Petition for Damages in the service packet.

Respectfully submitted,

*[signature: Maureen M. Brady]*

Maureen M. Brady    KS #22460
Lucy McShane      KS #22517
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
       lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

And

1

*Clerk of the District Court, Johnson County Kansas*
*04/20/21 03:56pm MM*

EXHIBIT A

Phyllis A. Norman      KS #
NORMAN & GRAVES LAW FIRM
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com
**ATTORNEY FOR PLAINTIFFS**

Mitchell L. Burgess     KS #
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT A

IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

C.C., individually and on behalf of all ) 
others similarly situated, )
 )
Plaintiffs, )
 )
v. ) Case No: 21CV01716
 ) Division: 4
MED-DATA INCORPORATED )
 )
Defendant. )
 )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Kansas Statute 60-226, Plaintiff, individually and on behalf of all Kansas residents who are similarly situated by and through counsel, hereby requests that Defendant Med-Data Incorporated respond to the following interrogatories within 30 days of the date hereof.

## INTERROGATORIES

1.   STATE:

   a.   The name and address of the person or persons answering these interrogatories;
   b.   His/her relationship to Defendants; and
   c.   His/her position of employment.

   **ANSWER:**


2.   EXPERTS

   List and identify:

   a.   Each person the Defendant expects to call as an expert witness at trial, stating for each such expert:
   1.   Name;
   2.   Address;
   3.   Occupation;
   4.   Place of Employment;
   5.   Qualifications to give an opinion (if such information is available on an expert's curriculum vitae you may attach a copy thereof in lieu of answering this interrogatory subpart).

EXHIBIT A

    b.   With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee.

    c.   Identify each non-retained expert witness, including a party, who the Defendants expect to call at trial who may provide expert witness opinion testimony by providing the expert's name, address and field of expertise. State also any opinions the expert will testify to at trial.

**ANSWER:**

3.      **STATEMENTS:**

Have any statements, written or otherwise, been obtained from a witness or anyone other than Plaintiffs by a person acting on your behalf in connection with the occurrence described in Plaintiffs' Petition? If so, state:

    a.   The date of each statement;
    b.   The name and address of each person whose statement was taken;
    c.   Whether such statement was written, recorded or taken by any other means;
    d.   The name and address of the person who took said statements;
    e.   Describe the method by which the statement(s) was taken;
    f.   The name and address of the present custodian of the statements.

**ANSWER:**

**POLICIES AND PROCEDURES**

4.      Please state the name, job title, address and contact information for each person involved in developing, producing, creating, performing, conducting, moderating, and/or organizing any and all training manuals, programs, policies, rules, regulations, seminars, meetings, presentations, or the like relating to protection and/or treatment of confidential health information from 2014 through the present, and if that person is or was an employee of Med-Data.

**ANSWER:**

EXHIBIT A

5.      Please list the policies and/or procedures for discovery of, documenting, investigating, and retaining documentation of complaints or allegations of the disclosure of confidential health information without patient approval or court order by your employees, agents, servants, or representatives, and identify all documents related to the same.

**ANSWER:**

6.      Please list each meeting, presentation, training session, seminar or the like that employees of Med-Data attended at which protection of confidential health information was discussed or instructed from 2014 through the present. For each such training session, please identify all persons present, the substance of the discussions, and identify any documents reflecting such discussions.

**ANSWER:**

7.      <u>AFFIRMATIVE DEFENSES</u>

For each of your Affirmative Defenses state the factual and legal basis for each Defense, and identify any applicable statutes, rules, regulations and/or laws regarding each Defense.

ANSWER:

8.      <u>SIMILAR COMPLAINTS BEFORE AND AFTER OCCURRENCE</u>

State whether any complaints (i.e. lawsuits, letters, verbal complaints) have ever been made regarding the actions of Defendant as set forth in Plaintiffs' Petition (i.e. the Data Breach). If so, state:

EXHIBIT A

a. The full name, address, and phone number of each individual that has made a complaint about Defendants' actions.
b. Description of each complaint in detail and further describe what measures were taken to correct each problem that was the subject matter of the complaint.

**ANSWER:**

9. **WARNINGS AND/OR NOTICE**

Has Defendant ever been warned, informed and/or been advised that Defendant's storage, maintenance and/or disclosure of PHI or PII was inappropriate and/or illegal and/or in violation of any federal or state statute(s) or case law, or Defendant's contracts or agreements with any person or entity. If so, please state the following:

a. The source of the warning/advice/information
b. The approximate date of the warning/advice/information
c. The medium of the warning/advise/information
d. The specific substance of the warning/advise/information
e. Whether or not your practices changed or were influenced by the warning/advise information

**ANSWER:**

EXPERTS

10. Identify any retained expert you intend to call to testify at trial and provide said expert's name, address, occupation, place of employment, hourly deposition fee, and qualifications to render an expert opinion and the general nature of the subject matter on which the expert is expected to testify.

**ANSWER:**

11. Identify all non-retained expert witnesses you intend to call to testify at trial.

EXHIBIT A

**ANSWER:**

12.    CLASS CERTIFICATION HEARING WITNESSES

For each individual you intend to call as a witness at the hearing on class certification, please state the following:

   a.  Full name, last known address and telephone number;
   b.  Occupation, and name and address of place of employment;
   c.  The general nature of the subject matter on which each such person identified is expected to testify.

**ANSWER:**

FACTS AND WITNESSES

13.    Please state the name, job title, dates of employment and contact information for each of your employees, servants, agents, or representatives who were involved with the release of PHI and PII documents as described in Plaintiff's Petition.

**ANSWER:**

14.    Please state the name, address, job title, and job duties of the director of IT at Med-Data.

**ANSWER:**

15.    For each of the following listed topics, identify all persons who have knowledge of such topics, stating briefly their relationship to Med-Data:

EXHIBIT A

    a.      Facts pertaining to the allegations of the Petition; and,

    b.      Facts pertaining to Med-Data defenses and affirmative defenses.

**ANSWER:**

16.     Identify, in detail, how the PHI and PII was stored and/or maintained and who stored the PHI and PII. If stored on a computer, please identify the physical location of any computer server, what person(s) owns, operates, maintains, and/or controls over any server.

    **ANSWER:**

17.     Please state the name(s), job title, and job duties of Med-Data's Privacy and/or Compliance Officer.

    **ANSWER:**

18.     Provide a description of the internal investigation and resulting findings associated with the Breach subject of this litigation. Specifically, please state:

    a.    The name, job title, job duties and contact information of the person(s) and/or entity(s) who conducted the investigation;

    b.    The steps taken during the investigation;

    c.    The finding of the investigation;

    d.    The steps taken to discovery the harm which befell each person affected by the Breach; and,

    e.    The steps taken to mitigate the harm which befell each person affected by the Breach.

    **ANSWER:**

19.     Provide a description of all categories of PHI and PII stored during the time of the Data Breach.

    **ANSWER:**

EXHIBIT A

20.     Describe how Defendant Med-Data learned of the Data Breach, including the date you learned of the Data Breach, the identity of person(s) who notified Defendant of the breach, who specifically with Defendant received such notification, and all details, information, and communications contained in or regarding such notification.

**ANSWER:**

21.     State the number of persons whose PHI and PII was disclosed as a result of the Data Breach and how you determined such number in responding to this Interrogatory.

**ANSWER:**

22.     List the state of residence indicated by your records for each person whose PHI and PII was disclosed as a result of the Data Breach and for each such state, identify the number of notification letters sent to persons therein.

**ANSWER:**

23.     Describe Defendant Med-Data's mechanisms, policies, procedures, protocols, checklists and methods of securing and protecting PHI and PII provided to it that were in existence during the Relevant Time Period.

**ANSWER:**

24.     With regard to your response to Interrogatory No. 19, identify any that were not followed, in whole or in part, during the Relevant Time Period, and when you became aware of such.

EXHIBIT A

**ANSWER:**

25.    Describe how Defendant Med-Data changed its mechanisms, policies, procedures, protocols, checklists and methods regarding the retention and protection of PHI and PII (including, *inter alia*, the nature of the change, the date of the change, and the effective date of the change), after Defendant learned of the Data Breach.

**ANSWER:**

26.    State whether any PHI and PII maintained and/or stored by Defendant Med-Data has ever been accessed without authorization—other than the Breach at issue in this case—and for each such occurrence, provide:  (i) the date of the occurrence; (ii) a description of all documents and information accessed; (iii) the number of persons whose documents and information were accessed without authorization; (iv) whether the occurrence was publicly reported; (v) if the occurrence was not publicly reported, all reasons for not publicly reporting the event; (vi) whether the occurrence was reported to law enforcement; and (v) if the occurrence was not reported to law enforcement, all reasons for not reporting the event.

**ANSWER:**

27.    Identify all insurance agreements and policies under which an insurance business may be liable to satisfy all or part of a possible judgment against Defendant Med-Data in this action or to indemnify or reimburse for payments made to satisfy any judgment against Med-Data, and for each state:

a)   The name of the insurance company;

EXHIBIT A

b) The policy number:

c) The effective policy period:

d) The maximum liability limits for each person and each occurrence, including umbrella and excess liability coverage: and

e) The named insured(s) under the policy.

**ANSWER:**

28.     Identify all persons whose PHI and PII was stored and/or maintained by Defendant that was disclosed as a result of the Data Breach.

**ANSWER:**

29.     Identify the types of information that was disclosed for Plaintiff and the proposed class members as a result of the Data Breach.

**ANSWER:**

30.     Describe all information, including PHI and PII, relating to Defendant's employees, that Defendant shares with any other third party, and provide the reasons for such disclosure.

**ANSWER:**

31.     Identify all employees, agents and any other individuals who disclosed the PHI and

EXHIBIT A

PII at issue in this case and state in detail all disciplinary actions taken against said individuals.

ANSWER:

Respectfully submitted,

*Maureen M. Brady*

_____

Maureen M. Brady       KS #22460
Lucy McShane             KS #22517
McShane & Brady, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone:  (816) 888-8010
Facsimile:  (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
         lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

And

Phyllis A. Norman       KS #
Norman & Graves Law Firm
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com
**ATTORNEY FOR PLAINTIFFS**

Mitchell L. Burgess      KS #
Burgess Law Firm, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

EXHIBIT A

IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

| | | |
|---|---|---|
| C.C., individually and on behalf of all<br>others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 21CV01716 |
| | ) | Division: 4 |
| MED-DATA INCORPORATED | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFFS' FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to Kansas Statute 60-226, Plaintiff, individually and on behalf of all Kansas residents who are similarly situated by and through counsel, hereby requests that Defendant Med-Data Incorporated respond to the following requests for production of documents within 30 days of the date hereof at the office of Plaintiff's counsel, McShane & Brady, LLC, 1656 Washington Street, Suite 120, Kansas City, MO 64111 within thirty (30) days from the date of service of these requests.

## REQUESTS FOR PRODUCTION

1. All documents reflecting or relating to knowledge, information, or the investigation of the Disclosure(s) of the protected health information ("PHI") and personal identification information ("PII") that is subject of Plaintiff's Petition.

   **RESPONSE:**

2. All statements, whether oral, written, recorded, transcribed, summarized, or otherwise memorialized, of any witness or other individual purporting to have knowledge of any issue

1

EXHIBIT A

that is subject of Plaintiff's Petition.

**RESPONSE:**

3. All documents indicating the number of individuals effected by the disclosure of the PHI and PII that is the subject of Plaintiff's Petition.

**RESPONSE:**

4. All document indicating the types of information that was disclosed for Plaintiff and the proposed class members regarding the disclosure of the PHI and PII that is the subject of Plaintiff's Petition.

**RESPONSE:**

5. All documents reflecting or relating to any and all policies or procedures on protection of your patient and their guardian's protected health information ("PHI") and personal identification information ("PII") from 2014 to the present.

**RESPONSE:**

6. Copies of any contracts and/or agreements between you and any patients, their guardians or third parties regarding the protection of your employees' protected health information ("PHI") and personal identification information ("PII") from 2014 to the present.

**RESPONSE:**

7. Copies of all privacy policies and/or related documents regarding the protection of your

2

EXHIBIT A

patient or their guardian's protected health information ("PHI") and personal identification

information ("PII") from 2014 to the present.

**RESPONSE:**

8. All documents identified in your answers, or relied upon in preparing your answers, to

Plaintiffs' First Set of Interrogatories to Defendant.

**RESPONSE:**

9. All documents reflecting or relating to any contract, agreement, or other relationship

between Defendant and any company, person, or entity hired to maintain the PHI and PII

records for patients and/or their guardians of Med-Data.

**RESPONSE:**

10. All documents reflecting or relating to knowledge, information, or investigation of the

Disclosure(s) subject of Plaintiffs' Petition.

**RESPONSE:**

11. All documents relating to any contention you have that any other person or entity is

responsible, in any way whatsoever, for disclosing Plaintiffs' PHI and PII information.

**RESPONSE:**

12. All documents relating to any contention that some other person or entity is, in whole or in

part, liable to Plaintiffs in this matter or is liable, in whole or in part, to Defendant in this

EXHIBIT A

matter.

**RESPONSE:**

13. Any and all indemnity agreements which might cover, address or concern Defendant's liability to Plaintiffs regarding the allegations in Plaintiffs' Petition.

**RESPONSE:**

14. All documents reflecting or relating to training your agents, employees, servants, and/or representatives on protection of PHI and PII information and the duties imposed by HIPAA from 2014 to the present.

**RESPONSE:**

15. All documents reflecting or relating to supervising your agents, employees, servants, and/or representatives to ensure protection of PHI and PII information from 2014 to the present.

**RESPONSE:**

16. All documents reflecting or relating to any and all policies or procedures on protection of PHI and PII information from 2014 to the present.

**RESPONSE:**

17. All documents as a result of any claim made by any other person or entity other than the Plaintiffs herein regarding wrongful disclosure of PHI and PII information in the last 10

years.

**RESPONSE:**

18. All documents related to any wrongful disclosure of PHI and PII information in the last 5 years.

**RESPONSE:**

19. All documents reflecting or relating to disciplinary procedures for your employees, agents, servants, and/or representatives who improperly disclose PHI and PII information in the last 5 years.

**RESPONSE:**

20. All documents reflecting or relating to investigation policies and procedures of employees, agents, servants, and/or representatives accused of improperly disclosing PHI and PII information in the last 5 years.

**RESPONSE:**

21. All documents reflecting or relating to any internal or external investigation conducted by Med-Data and/or in conjunction or connection with any external person or entity, including without limitation, any private or governmental agencies, and any resulting outcome of the investigation.

**RESPONSE:**

EXHIBIT A

22. All policies or procedures you have or had in place between 2010 to the present for gaining knowledge of, documenting, and retaining documentation of an improper disclosure of PHI and PII information by any of your agents, employees, servants, or representatives.

   **RESPONSE:**

23. Any surveys, analyses, audits, or like studies performed by you or any of your employees, agents, servants, or representatives pertaining to protection of, or improper disclosure of, PHI and PII information.

   **RESPONSE:**

24. All documentation reflecting recommendations of means or methods to reduce or minimize improper disclosure of PHI and PII information by any of your employees, agents, servants, or representatives.

   **RESPONSE:**

25. All documentation, correspondence, materials, or reports between Defendant and the Health and Human Services Office - Office of Civil Rights regarding any wrongful disclosure of PHI and PII information or breach of Defendant's duties pursuant to HIPAA and or HITECH from 2010 to the present.

   **RESPONSE:**

26. All incident reports, investigation reports, computer printouts or records, reflecting or

6

EXHIBIT A

relating to any claim or lawsuit by any person or entity against you for wrongful or improper disclosure of PHI and PII information from 2010 to the present.

**RESPONSE:**

27. All documents relating to defenses asserted by you in Defendant's Answer to Plaintiffs' Petition.

**RESPONSE:**

28. In the event you contend that any document or thing once existed but does not now exist, please produce your document retention policies and procedures with regard to the document or thing which you contend no longer exists, and all documents requesting or authorizing the destruction or other reason for the document or thing's unavailability at this time.

**RESPONSE:**

29. All documents given to patients or their guardians regarding the retention and protection of their PHI and PII information.

**RESPONSE:**

30. All insurance policies, declaration pages, or documents related to other funds, entities, and/or responsible parties which might afford coverage to Defendant for liability to which Defendant may be exposed as a result of the incidents described in Plaintiffs' Petition.

**RESPONSE:**

EXHIBIT A

31. All letters or other documents evidencing any reservation of rights agreement from any insurance company participating in the defense of this lawsuit.

    **RESPONSE:**

32. The curriculum vitae of any expert witness that you intend to call to testify at trial.

    **RESPONSE:**

33. All documents provided to each expert witness that you intend to call to testify at trial in this matter.

    **RESPONSE:**

34. All documents relied upon for each opinion of each expert witness identified by you.

    **RESPONSE:**

35. A list setting forth each case in which each expert identified by you has given testimony.

    **RESPONSE:**

36. All documents or tangible things prepared by any expert whom you expect to call as a witness, including but not limited to his report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

    **RESPONSE:**

8

EXHIBIT A

37. Copies of all statutes, rules, regulations, laws and/or any other authority which you contend relate to any Affirmative Defense in this case.

**RESPONSE:**

38. All documents and exhibits you plan to offer at trial.

**RESPONSE:**

39. All documents Defendant intends to offer as evidence at the hearing on class certification.

**RESPONSE:**

Respectfully submitted,

Maureen M. Brady     MO #57800
Lucy McShane          MO #57957
Nicholas J. Luedecke  MO #72907
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone:  (816) 888-8010
Facsimile:  (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
           lmcshane@mcshanebradylaw.com
           nick@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

And

Phyllis A. Norman     KS #
NORMAN & GRAVES LAW FIRM
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com

9

EXHIBIT A

ATTORNEY FOR PLAINTIFFS

Mitchell L. Burgess     KS #
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

10

EXHIBIT A

CASE HISTORY (ROA)                                                    Page 1 of 1

| Case | 21CV01716 | Caption | C C INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY |
|---|---|---|---|
| Chapter | 60 | Nature | OTHER TORT (60) |
| Status | PENDING | Judge | RHONDA K MASON |
| Division | 4 | | |

| Search | Case History (ROA) | Plaintiff/Defendant | Court Events | Other Cases | Documents |
|---|---|---|---|---|---|

| Sort By Ascending Order | Sort by Descending Order | Print Friendly | E-File On Case |
|---|---|---|---|

| Date | Description | Doc |
|---|---|---|
| 05/26/2021 | ALIAS SUMMONS AND PETITION ISSUED TO ATTORNEY FOR PROCESS SERVER "MED-DATA INCORPORATED" E/S | |
| 05/26/2021 | FILE STAMP 05/26/21, REQUEST AND SERVICE INSTRUCTION FORM | DOC (9) |
| 05/18/2021 | <******** Bench Notes *********><br>HEARING CONDUCTED VIA ZOOM. PLAINTIFF APPEARS BY M. BRADY. NO OTHER APPEARANCES. COURT WILL WAIT TO REVIEW MOTION TO KEEP PLAINTIFFS INDENTITY PRIVATE UNTIL DEFENDANTS HAVE BEEN SERVED.(RPTR: CAREY) (JUDGE: MASON) | |
| 05/11/2021 | SCHED. MOTION on 05/18/21,11:00am,Div 4 | |
| 04/22/2021 | FILE STAMP 04/20/21, MOTION AND ORDER FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER | DOC (8) |
| 04/22/2021 | FILE STAMP 04/20/21, CERTIFICATE OF SERVICE | DOC (7) |
| 04/22/2021 | FILE STAMP 04/20/21, DESIGNATION OF LEAD COUNSEL | DOC (6) |
| 04/22/2021 | FILE STAMP 04/20/21, ENTRY OF APPEARANCE | DOC (5) |
| 04/22/2021 | FILE STAMP 04/20/21, ENTRY OF APPEARANCE | DOC (4) |
| 04/22/2021 | FILE STAMP 04/20/21, DEMAND FOR JURY TRIAL | DOC (3) |
| 04/22/2021 | FILE STAMP 04/20/21, MOTION TO KEEP THE IDENTITY OF PLAINTIFF PRIVATE | DOC (2) |
| 04/22/2021 | FILE STAMP 04/20/21, MOTION TO KEEP THE IDENTITY OF PLAINTIFF PRIVATE | DOC (1) |
| 04/22/2021 | JUDGE RHONDA K MASON ASSIGNED TO CASE | |
| 04/22/2021 | NEW CASE E-FILED; C C INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED VS MED-DATA INCORPORATED; FILING FEE $196.50; PAID BY BRADY, MAUREEN M, RECEIPTED AMOUNT $196.50, E-PAYMENT NO: 98161385 | |

EXHIBIT B

21CV01716
Div4

### IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

| | | |
|---|---|---|
| C.C., individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No: Division: |
| MED-DATA INCORPORATED Serve: Cogency Global, Inc. 2101 SW 21st Street Topeka, KS 66604 | ) ) ) ) ) ) | |
| Defendant. | ) | |

### CLASS ACTION PETITION FOR DAMAGES

COMES NOW ("Plaintiff"), individually and on behalf of all citizens who are similarly situated for her Class Action Petition for Damages against Defendant Med-Data Incorporated (hereinafter sometimes referred to as "Defendant Med-Data" and/or "Med-Data"), respectfully states and alleges as follows:

### NATURE OF THE CASE

1.     This is a class action brought by Plaintiff, individually and on behalf of all citizens who are similarly situated (*i.e.*, the Class Members), seeking to redress Defendant's willful and reckless violations of her privacy rights.  Plaintiff and the other Class Members are patients of Med-Data who entrusted their personal health information ("PHI") and personally identifiable information ("PII") to Med-Data.  Defendant Med-Data, has shared Plaintiffs PHI and PII with persons who are not authorized to have said PHI and PII.  Defendant betrayed Plaintiffs' trust by failing to properly safeguard and protect their PHI and PII and publicly disclosing their PHI and PII without authorization in violation of Kansas common law.

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT C

2.       This action pertains to Defendant's unauthorized disclosure of the Plaintiffs' PHI and PII that occurred between December of 2018 and September of 2019 (the "Breach").

3.       Defendant disclosed Plaintiff's and the other Class Members' PHI and PII to unauthorized persons as a direct and/or proximate result of Defendant's failure to safeguard and protect their PHI and PII.

4.       The wrongfully disclosed PHI and PII included, *inter alia*, Plaintiff's and the other Class Members' name, Social Security Number, physical address, date of birth, telephone number, and medical condition and diagnosis.

5.       Defendant flagrantly disregarded Plaintiff's and the other Class Members' privacy and property rights by intentionally, willfully and recklessly failing to take the necessary precautions required to safeguard and protect Plaintiff's and the other Class Members' PHI and PII from unauthorized disclosure.  Plaintiff's and the other Class Members' PHI and PII was improperly handled, inadequately protected, readily able to be copied by thieves and not kept in accordance with basic security protocols. Defendant's obtaining of the information and sharing of same also represent a flagrant disregard of Plaintiff's and the other Class Members' rights, both as to privacy and property.

6.       Plaintiff has standing to bring this action because as a direct and/or proximate result of Defendant's wrongful actions and/or inaction and the resulting Breach, Plaintiff has incurred (and will continue to incur) damages in the form of, *inter alia*, (i) loss of privacy and/or (ii) the additional damages set forth in detail below, which are incorporated herein by reference.

7.       Defendant's wrongful actions and/or inaction and the resulting Breach have also placed Plaintiff and the other Class Members at an imminent, immediate and continuing increased risk of identity theft, identity fraud and medical fraud.  Indeed, Javelin Strategy & Research

("Javelin"), a leading provider of quantitative and qualitative research, released its 2012 Identity Fraud Report ("the Javelin Report"), quantifying the impact of data breaches. According to the Javelin Report, individuals whose PHI and PII is subject to a reported data breach—such as the Data Breach at issue here—are approximately 9.5 times more likely than the general public to suffer identity fraud and/or identity theft. Moreover, there is a high likelihood that significant identity fraud and/or identity theft has not yet been discovered or reported, and a high probability that criminals who may now possess Plaintiff's and the other Class Members' PHI and PII and not yet used the information will do so at a later date or re-sell it.

8.     Plaintiff and the Class members have also suffered and are entitled to damages for the lost benefit of their bargain with Defendant Med-Data. Plaintiff and members of the Class paid Med-Data for its services including them protecting their PHI and PII. The lost benefit of the bargain is measured by the difference between the value of what Plaintiff and the members of the Class should have received when they paid for their services, and the value of what they actually did receive; services without adequate privacy safeguards. Plaintiff and members of the Class have been harmed in that they (1) paid more for privacy and confidentiality than they otherwise would have, and (2) paid for privacy protections they did not receive. In that respect, Plaintiff and the members of the Class have not received the benefit of the bargain and have suffered an ascertainable loss.

9.     Additionally, because of Defendant's conduct, Plaintiff and members of the Class have been harmed in that Defendant has breached its common law fiduciary duty of confidentiality owed to Plaintiff and member of the Class.

10.     Accordingly, Plaintiff and the other Class Members seek redress against Defendants for Outrageous Conduct, breach of implied contract, invasion of privacy by the public

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT C

disclosure of private facts, common law negligence, negligent training and supervision, and breach of fiduciary duty of confidentiality.

11.     Plaintiff, individually and on behalf of the other Class Members, seeks all (i) actual damages, economic damages, and/or nominal damages, (ii) injunctive relief, and (iii) attorneys' fees, litigation expenses, and costs.

<p align="center">**JURISDICTION AND VENUE**</p>

12.     The Court has jurisdiction over the parties and the subject matter of this action. Jurisdiction is proper because both Plaintiff and Defendant are citizens of the State of Kansas and Defendant is a business operating, and licensed under, the laws of the state of Kansas.

13.     Venue is proper in Johnson County, Kansas, pursuant to K.S.A. Stat § 60-604 because the acts complained of occurred and Defendant is located in Johnson County, Kansas.

<p align="center">**PARTIES**</p>

14.     Plaintiff is an adult residing in Johnson County, Kansas.

15.     Defendant Med-Data, Incorporated is, upon information and belief, a nationwide company with offices all through the country. They can be served through their registered agent at 2101 SW 21st St., Topeka, KS 66604

<p align="center">**BACKGROUND FACTS**</p>

16.     Certain allegations are made upon information and belief.

17.     Defendant Med-Data, incorporated is a health care provider pursuant to state and federal law, providing health care and medical services to the general public.

18.     As a part of its business operations, Defendant collects and maintains PHI and PII of its patients.

19.     Plaintiffs were patients of Business Associates of Defendant and, as a result, provided their PHI and PII Defendant.

20.     As such, Plaintiffs entered into an implied contract with Defendant for the adequate protection of their PHI and PII.

21.     Defendants are required to maintain the strictest privacy and confidentiality of Plaintiff and the proposed Class Members' medical records and other PHI and PII.

22.     Defendant posts its privacy practices online, at https://www.Med-Data.com/legal/patient-privacy-hipaa

23.     On March 31st, 2021 Defendant sent a letter to Plaintiff and members of the proposed Class to inform them of a data security incident that impacted their PHI.

24.     According to the letter, "On December 10, 2020, an independent journalist informed Med-Data that some date related to its business had been uploaded to a public facing website…"

25.     The information that was contained in the files were names, social security numbers, physical addresses, dates of birth, telephone numbers, and medical conditions and diagnoses.

26.     The disclosure of the PHI and PII at issue was a result of the Defendant's inadequate safety and security protocols governing PHI and PII.

27.     The wrongfully disclosed PHI and PII included, *inter alia*, Plaintiff's and the other Class Members' name, Social Security Number, physical address, date of birth, telephone number, and medical condition and diagnosis.

28.     Upon information and belief, the Breach affected tens of thousands of Defendant's patients.

EXHIBIT C

29.     As a direct and/or proximate result of Defendant's failure to properly safeguard and protect the PHI and PII of its patients, Plaintiff's and the other Class Members' PHI and PII was stolen, compromised and wrongfully disseminated without authorization.

30.     Defendant had a duty to its patients to protect them from wrongful disclosures.

31.     As a health care provider, Defendant is required to train and supervise its employees regarding the policies and procedures as well as the State and Federal laws for safeguarding patient information.

32.     The timing of the March 31, 2021 notice letter was beyond the time frame required by applicable laws.

33.     Defendant is a covered entity pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). *See* 45 C.F.R. § 160.102. Defendant must therefore comply with the HIPAA Privacy Rule and Security Rule. *See* 45 C.F.R. Part 160 and Part 164, Subparts A through E.

34.     Defendant is a covered entity pursuant to the Health Information Technology Act ("HITECH")[1]. *See* 42 U.S.C. §17921, 45 C.F.R. § 160.103.

35.     The HIPAA and HITECH rules work in conjunction with the already established laws of privacy Kansas.  HIPAA and HITECH do not recognize an individual right of claim for violation but provide the guidelines for the standard of procedure dictating how patient medical information should be kept private.

36.     HIPAA's Privacy Rule, otherwise known as "Standards for Privacy of Individually Identifiable Health Information," establishes national standards for the protection of health information.

---

[1] HIPAA and HITECH work in tandem to provide guidelines and rules for maintaining protected health information. HITECH references and incorporates HIPAA.

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT C

37.     HIPAA's Security Rule, otherwise known as "Security Standards for the Protection of Electronic Protected Health Information," establishes national security standards for the protection of health information that is held or transferred in electronic form. See 42 C.F.R. §§ 164.302-164.318.

38.     HIPAA limits the permissible uses of "protected health information" and prohibits the unauthorized disclosure of "protected health information." 45 C.F.R. § 164.502. HIPAA requires that covered entities implement appropriate administrative, technical, and physical safeguards for this information and requires that covered entities reasonably safeguard protected health information from any intentional or unintentional use or disclosure that is in violation of the standards, implementation specifications or other requirements of this subpart. See 45 C.F.R. § 164.530(c).

39.     HIPAA requires a covered entity to have and apply appropriate sanctions against members of its workforce who fail to comply with the privacy policies and procedures of the covered entity or the requirements of 45 C.F.R. Part 164, Subparts D or E. See 45 C.F.R. § 164.530(e).

40.     HIPAA requires a covered entity to mitigate, to the extent practicable, any harmful effect that is known to the covered entity of a use or disclosure of protected health information in violation of its policies and procedures or the requirements of 45 C.F.R. Part 164, Subpart E by the covered entity or its business associate. See 45 C.F.R. § 164.530(f).

41.     Under HIPAA:

Protected health information means individually identifiable health information:

(1) Except as provided in paragraph (2) of this definition, that is:

(i) Transmitted by electronic media;

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT C

(ii) Maintained in electronic media; or

(iii) Transmitted or maintained in any other form or medium.[2]

42.    HIPAA and HITECH obligated Defendant to implement technical policies and procedures for electronic information systems that maintain electronic protected health information so that such systems were accessible only to those persons or software programs that had been granted access rights and who have a working need to access and view the information. *See* 45 C.F.R. § 164.312(a)(1); *see also* 42 U.S.C. §17902.

43.    HIPAA and HITECH also obligated Defendant to implement policies and procedures to prevent, detect, contain, and correct security violations, and to protect against uses or disclosures of electronic protected health information that are reasonably anticipated but not permitted by the privacy rules. *See* 45 C.F.R. § 164.306(a)(1) and § 164.306(a)(3); *see also* 42 U.S.C. §17902.

44.    HIPAA further obligated Defendant to ensure that its workforce complied with HIPAA security standard rules (*see* 45 C.F.R. § 164.306(a)(4)) to effectively train its workforces on the policies and procedures with respect to protected health information, as necessary and appropriate for those individuals to carry out their functions and maintain the security of protected health information. *See* 45 C.F.R. § 164.530(b)(1).

45.    HIPAA also requires the Office of Civil Rights ("OCR"), within the Department of Health and Human Services ("HHS"), to issue annual guidance documents on the provisions in the HIPAA Security Rule. *See* 45 C.F.R. §§ 164.302-164.318. For example, "HHS has developed guidance and tools to assist HIPAA covered entities in identifying and implementing the most cost effective and appropriate administrative, physical, and technical safeguards to protect the

---

[2] 45 C.F.R. § 160.103

confidentiality, integrity, and availability of e-PHI and comply with the risk analysis requirements of the Security Rule." *See* US Department of Health & Human Services, Security Rule Guidance Material.[3] The list of resources includes a link to guidelines set by the National Institute of Standards and Technology (NIST), which OCR says "represent the industry standard for good business practices with respect to standards for securing e-PHI." *See* US Department of Health & Human Services, Guidance on Risk Analysis.[4]

46.     Should a health care provider experience an unauthorized disclosure, it is required to conduct a Four Factor Risk Assessment (HIPAA Omnibus Rule).  This standard requires, "A covered entity or business associate must now undertake a four-factor risk assessment to determine whether or not PHI has been compromised and overcome the presumption that the breach must be reported.  The four-factor risk assessment focuses on:

> (1) the nature and extent of the PHI involved in the incident (e.g., whether the incident involved sensitive information like social security numbers or infectious disease test results);
>
> (2) the recipient of the PHI;
>
> (3) whether the PHI was actually acquired or viewed; and
>
> (4) the extent to which the risk that the PHI was compromised has been mitigated following unauthorized disclosure (e.g., whether it was immediately sequestered and destroyed)."[5]

---

[3] http://www.hhs.gov/hipaa/for-professionals/security/guidance/index.html
[4] https://www.hhs.gov/hipaa/for-professionals/security/guidance/guidance-risk-analysis/index.html
[5] 78 Fed. Reg. 5641-46, *See also*, 45 C.F.R. §164.304

*Clerk of the District Court, Johnson County Kansas*
                                                    *04/20/21  03:56pm MM*

EXHIBIT C

47.     The HIPAA Breach Notification Rule, 45 CFR §§ 164.400-414, requires HIPAA covered entities and their business associates to provide notification following a breach of unsecured protected health information.

48.     The HIPAA Contingency Operations Rule, 45 C.F.R. §164.301(a), requires a healthcare provider to have security measures in place and train its employees and staff so that all its staff and employees know their rolls in facility security.

49.     Defendant failed to provide proper notice to Plaintiff of the disclosure.

50.     Defendant failed to conduct or improperly conducted the four factor risk assessment following the unauthorized disclosure.

51.     As a direct and/or proximate result of Defendant's wrongful actions and/or inaction and the resulting Breach, the criminal(s) and/or their customers now have Plaintiff's and the other Class Members' compromised PHI and PII.

52.     There is a robust international market for the purloined PHI and PII, specifically medical information. Defendant's wrongful actions and/or inaction and the resulting Breach have also placed Plaintiff and the other Class Members at an imminent, immediate and continuing increased risk of identity theft, identity fraud[6] and medical fraud.

53.     Identity theft occurs when someone uses an individual's PHI and PII, such as the person's name, Social Security number, or credit card number, without the individual's permission, to commit fraud or other crimes. *See* Federal Trade Commission, Fighting Back against Identity Theft, http://www.ftc.gov/bcp/edu/microsites/idtheft/consumers/ about-identity-

---

[6] According to the United States Government Accounting Office (GAO), the terms "identity theft" or "identity fraud" are broad terms encompassing various types of criminal activities. Identity theft occurs when PII is used to commit fraud or other crimes. These crimes include, *inter alia,* credit card fraud, phone or utilities fraud, bank fraud and government fraud (theft of government services).

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT C

theft.html (last visited Jan. 18, 2013).  The Federal Trade Commission estimates that the identities of as many as nine million Americans are stolen each year. *Id.*

54.    The Federal Trade Commission correctly sets forth that "Identity theft is serious. While some identity theft victims can resolve their problems quickly, others spend hundreds of dollars and many days repairing damage to their good name and credit record. Some consumers victimized by identity theft may lose out on job opportunities, or be denied loans for education, housing or cars because of negative information on their credit reports. In rare cases, they may even be arrested for crimes they did not commit." *Id.*

55.    Identity theft crimes often involve more than just crimes of financial loss, such as various types of government fraud (such as obtaining a driver's license or official identification card in the victim's name but with their picture), using a victim's name and Social Security number to obtain government benefits and/or filing a fraudulent tax return using a victim's information. Identity thieves also obtain jobs using stolen Social Security numbers, rent houses and apartments and/or obtain medical services in a victim's name.  Identity thieves also have been known to give a victim's PHI and PII to police during an arrest, resulting in the issuance of an arrest warrant in the victim's name and an unwarranted criminal record.

56.    According to the FTC, "the range of privacy-related harms is more expansive than economic or physical harm or unwarranted intrusions and that any privacy framework should recognize additional harms that might arise from unanticipated uses of data."[7]  Furthermore, "there is significant evidence demonstrating that technological advances and the ability to combine

---

[7]    *Protecting Consumer Privacy in an Era of Rapid Change* FTC, Report March 2012 (http://www.ftc.gov/os/2012/03/120326privacyreport.pdf).

*Clerk of the District Court, Johnson County Kansas*
                                                          *04/20/21  03:56pm MM*

EXHIBIT C

disparate pieces of data can lead to identification of a consumer, computer or device even if the individual pieces of data do not constitute PII."[8]

57.    According to the Javelin Report, in 2011, the mean consumer cost of rectifying identity fraud was $354 while the mean resolution time of identity fraud was 12 hours. *Id.* at 6. In 2011, the consumer cost for new account fraud and existing non-card fraud increased 33% and 50% respectively. *Id.* at 9.    Consumers who received a data breach notification had a fraud incidence rate of 19% in 2011 and, of those experiencing fraud, 43% reported their credit card numbers were stolen and 22% of the victims reported their debit card numbers were stolen. *Id.* at 10.  More important, consumers who were notified that their PHI and PII had been breached were 9.5 times more likely to experience identity fraud than consumers who did not receive such a notification. *Id.* at 39.

58.    The unauthorized disclosure of a person's Social Security number can be particularly damaging since Social Security numbers cannot be easily replaced like a credit card or debit card.  In order to obtain a new Social Security number, a person must show evidence that someone is using the number fraudulently or is being disadvantaged by the misuse.  *See* Identity Theft and Your Social Security Number, SSA Publication No. 05-10064, October 2007, ICN 46327 (http://www.ssa.gov/pubs/10064.html).  Thus, a person whose PHI and/or PII has been stolen cannot obtain a new Social Security number until the damage has already been done.

59.    Obtaining a new Social Security number also is not an absolute prevention against identity theft. Government agencies, private businesses and credit reporting companies likely still

---

[8] *Protecting Consumer Privacy in an Era of Rapid Change: A Proposed Framework for Businesses and Policymakers, Preliminary FTC Staff Report*, 35-38 (Dec. 2010), *available at* http://www.ftc.gov/os/2010/12/101201privacyreport.pdf; *Comment of Center for Democracy & Technology,* cmt. #00469, at 3; *Comment of Statz, Inc.*, cmt. #00377, at 11-12.

have the person's records under the old number, so using a new number will not guarantee a fresh start. For some victims of identity theft, a new number may actually create new problems; because prior positive credit information is not associated with the new Social Security number, it is more difficult to obtain credit due to the absence of a credit history.

60.     Medical fraud (or medical identity theft) occurs when a person's personal information is used without authorization to obtain, or receive payment for, medical treatment, services or goods. *See* www.ftc.gov/bcp/edu/microsites/idtheft/consumers/resolving-specific-id-theft-problems.html. For example, as of 2010, more than 50 million people in the United States did not have health insurance according to the U.S. census. This, in turn, has led to a surge in medical identity theft as a means of fraudulently obtaining medical care. "Victims of medical identity theft [also] may find that their medical records are inaccurate, which can have a serious impact on their ability to obtain proper medical care and insurance benefits." *Id.*

61.     Defendant flagrantly disregarded and/or violated Plaintiff's and the other Class Members' privacy and property rights, and harmed them in the process, by not obtaining Plaintiff's and the other Class Members' prior written consent to disclose their PHI and PII to any other person—as required by laws, regulations, industry standards and/or internal company standards.

62.     Defendant flagrantly disregarded and/or violated Plaintiff's and the other Class Members' privacy and property rights, and harmed them in the process, by failing to safeguard and protect and, in fact, wrongfully disseminating Plaintiff's and the other Class Members' PHI and PII to unauthorized persons.

63.     Upon information and belief, Defendant flagrantly disregarded and/or violated Plaintiff's and the other Class Members' privacy and property rights, and harmed them in the

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT C

process, by failing to keep or maintain an accurate accounting of the PHI and PII wrongfully disclosed in the Breach.

64.     Defendant flagrantly disregarded and/or violated Plaintiff's and the other Class Members' privacy rights, and harmed them in the process, by failing to establish and/or implement appropriate administrative, technical and/or physical safeguards to ensure the security and confidentiality of Plaintiff's and the other Class Members' PHI and PII to protect against anticipated threats to the security or integrity of such information. Defendant's unwillingness or inability to establish and maintain the proper information security procedures and controls is an abuse of discretion and confirms its intentional and willful failure to observe procedures required by law, industry standards and/or their own internal policies and procedures.

65.     The actual harm and adverse effects to Plaintiff and the other Class Members, including the imminent, immediate and continuing increased risk of harm for identity theft, identity fraud and/or medical fraud directly and/or proximately caused by Defendant's above wrongful actions and/or inaction and the resulting Breach requires Plaintiff and the other Class Members to take affirmative acts to recover their peace of mind, and personal security including, without limitation, purchasing credit reporting services, purchasing credit monitoring and/or internet monitoring services, frequently obtaining, purchasing and reviewing credit reports, bank statements, and other similar information, instituting and/or removing credit freezes and/or closing or modifying financial accounts—for which there is a financial and temporal cost. Plaintiff and the other Class Members have suffered, and will continue to suffer, such damages for the foreseeable future.

66.     Victims and potential victims of identity theft, identity fraud and/or medical fraud—such as Plaintiff and the other Class Members—typically spend hundreds of hours in

personal time and hundreds of dollars in personal funds to resolve credit and other financial issues resulting from data breaches. *See Defend: Recover from Identity Theft*, http://www.ftc.gov/bcp/edu/microsites/idtheft//consumers/defend.html; *Fight Identity Theft*, www.fightidentitytheft.com. According to the Javelin Report, not only is there a substantially increased risk of identity theft and identity fraud for data breach victims, those who are further victimized by identity theft or identity fraud will incur an average fraud-related economic loss of $1,513 and incur an average of $354 of out-of-pocket expenses attempting to rectify the situation. *Id.* at 6.

67.     Other statistical analyses are in accord. The GAO found that identity thieves use PHI and PII to open financial accounts and payment card accounts and incur charges in a victim's name. This type of identity theft is the "most damaging" because it may take some time for the victim to become aware of the theft, in the meantime causing significant harm to the victim's credit rating and finances. Moreover, unlike other PHI and PII, Social Security numbers are incredibly difficult to change and their misuse can continue for years into the future. The GAO states that victims of identity theft face "substantial costs and inconvenience repairing damage to their credit records," as well the damage to their "good name."

68.     Defendant's wrongful actions and/or inaction directly and/or proximately caused the theft and dissemination into the public domain of Plaintiff's and the other Class Members' PHI and PII without their knowledge, authorization and/or consent. As a direct and/or proximate result of Defendant's wrongful actions and/or inaction and the resulting Breach, Plaintiff and the other Class Members have incurred (and will continue to incur) damages in the form of, *inter alia*, (i) loss of privacy, (ii) the imminent, immediate and continuing increased risk of identity theft, identity fraud and/or medical fraud, (iii) out-of-pocket expenses to purchase credit monitoring,

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT C

internet monitoring, identity theft insurance and/or other Breach risk mitigation products, (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft, identity fraud and/or medical fraud pressed upon them by the Breach, including the costs of placing a credit freeze and subsequently removing a credit freeze, (v) the value of their time spent mitigating the increased risk of identity theft, identity fraud and/or medical fraud pressed upon them by the Breach and (vi) the lost benefit of their bargain when they paid for their privacy to be protected and it was not

## CLASS ACTION ALLEGATIONS

69.     Pursuant to KS Stat § 60-223, Plaintiff brings this class action as a class action on behalf of herself and the following citizens who are similarly situated individuals:

> **All citizens who were patients of Defendant since August 31, 2015 and whose PHI and/or PII was disclosed by Defendant to unauthorized third parties.**

70.     On information and belief, the putative Class is comprised of tens of thousands of individuals making joinder impracticable.  Disposition of this matter as a class action will provide substantial benefits and efficiencies to the Parties and the Court.

71.     The rights of Plaintiff and each other Class Member were violated in a virtually identical manner as a direct and/or proximate result of Defendant's willful, reckless and/or negligent actions and/or inaction and the resulting Breach.

72.     Questions of law and fact common to all Class Members exist and predominate over any questions affecting only individual Class Members including, *inter alia*:

a)     Whether Defendant willfully, recklessly and/or negligently failed to maintain and/or execute reasonable procedures designed to prevent unauthorized access to Plaintiff's and the other Class Members' PHI and/or PII;

b)     Whether Defendant was negligent in failing to properly safeguard and protect Plaintiff's and the other Class Members' PHI and/or PII;

c) Whether Defendant owed a duty to Plaintiff and the other Class Members to exercise reasonable care in safeguarding and protecting their PHI and/or PII;

d) Whether Defendant breached its duty to exercise reasonable care in failing to safeguard and protect Plaintiff's and the other Class Members' PHI and/or PII;

e) Whether Defendant was negligent in failing to safeguard and protect Plaintiff's and the other Class Members' PHI and/or PII;

f) Whether, by publicly disclosing Plaintiff's and the other Class Members' PHI and/or PII without authorization, Defendant invaded their privacy; and

g) Whether Plaintiff and the other Class Members sustained damages as a result of Defendant's failure to safeguard and protect their PHI and/or PII.

73.     Plaintiff and her counsel will fairly and adequately represent the interests of the other Class Members. Plaintiff has no interests antagonistic to, or in conflict with, the other Class Members' interests. Plaintiff's lawyers are highly experienced in the prosecution of consumer class action and data breach cases.

74.     Plaintiff's claims are typical of the other Class Members' claims in that Plaintiff's claims and the other Class Members' claims all arise from Defendant's failure to properly safeguard and protect their PHI and PII.

75.     A class action is superior to all other available methods for fairly and efficiently adjudicating Plaintiff's and the other Class Members' claims. Plaintiff and the other Class Members have been harmed as a result of Defendant's wrongful actions and/or inaction and the resulting Breach. Litigating this case as a class action will reduce the possibility of repetitious litigation relating to Defendant's conduct.

76.     Class certification, therefore, is appropriate pursuant to KS Stat § 60-223(2) because the above common questions of law or fact predominate over any questions affecting individual Class

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT C

Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

77.     Class certification also is appropriate pursuant to KS Stat § 60-223(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

78.     The expense and burden of litigation would substantially impair the ability of Class Members to pursue individual lawsuits in order to vindicate their rights.   Absent a class action, Defendant will retain the benefits of its wrongdoing despite its serious violations of the law.

<div align="center">

## COUNT I
## OUTRAGEOUS CONDUCT

</div>

79.     Plaintiff and the other Class Members incorporate by reference the allegations of the foregoing paragraphs as though set forth fully herein.

80.     At all times relevant hereto, Defendant owes a duty to Plaintiff and the other Class Members to keep patient medical information private, and not reveal patient medical information to third parties without first obtaining the patient's expressed consent.

81.     Defendant disclosed Plaintiff's and other Class Members' highly sensitive private medical information to the public either intentionally or with reckless disregard for Plaintiff and the other Class Members.

82.     Defendant's conduct was extreme and outrageous and caused Plaintiff and the other Class Members extreme and severe mental distress.

83.     As a direct result of Defendant's actions Plaintiffs suffered harms, including, without limitation, loss of his privacy, emotional distress, lost medical expenses, embarrassment, humiliation, shame and loss of enjoyment of life.

## COUNT II
## BREACH OF IMPLIED CONTRACT

84.     The preceding factual statements and allegations are incorporated herein by reference.

85.     Plaintiff and the other Class Members, as part of their agreement with Defendant, provided Defendant their PHI and PII.

86.     In providing such PHI and PII, Plaintiff and the other Class Members entered into an implied contract with Defendant, whereby Defendant became obligated to reasonably safeguard Plaintiff's and the other Class members' PHI and PII.

87.     Under the implied contract, Defendant was obligated to not only safeguard the PHI and PII, but also to provide Plaintiff and Class Members with prompt, adequate notice of any Data Breach or unauthorized access of said information.

88.     Defendant breached the implied contract with Plaintiff and the other Class Members by failing to take reasonable measures to safeguard their PHI and PII.

89.     As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiff's and the member of the Class confidential medical information, Plaintiff and the members of the Class suffered damages, including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life.

90.     Plaintiff and the other Class Members suffered and will continue to suffer damages including, but not limited to:  (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud and/or the

19

EXHIBIT C

increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress. At the very least, Plaintiff and Class Members are entitled to nominal damages.

<div align="center">

**COUNT III**
**NEGLIGENCE**

</div>

91.     The preceding factual statements and allegations are incorporated herein by reference.

92.     Defendant owed, and continues to owe, a duty to Plaintiff and the other Class Members to safeguard and protect their PHI and PII.

93.     Defendant breached its duty by failing to exercise reasonable care and failing to safeguard and protect Plaintiff's and the other Class Members' PHI and PII.

94.     It was reasonably foreseeable that Defendant's failure to exercise reasonable care in safeguarding and protecting Plaintiff's and the other Class Members' PHI and PII would result in an unauthorized third party gaining access to such information for no lawful purpose.

95.     As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiff's and the member of the Class confidential medical information, Plaintiff and the members of the Class suffered damages, including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life.

96.     Plaintiff's and the other Class members suffered and will continue to suffer damages including, but not limited to:  (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

<div align="center">

EXHIBIT C

</div>

and/or the increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress.  At the very least, Plaintiff and the other Class members are entitled to nominal damages.

97.     Defendant's wrongful actions and/or inaction and the resulting Breach (as described above) constituted (and continue to constitute) negligence at common law.

## COUNT IV
## INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS

98.     The preceding factual statements and allegations are incorporated herein by reference.

99.     Plaintiff's and the other Class Members' PHI and PII was (and continues to be) sensitive and personal private information.

100.     By virtue of Defendant's failure to safeguard and protect Plaintiff's and the other Class Members' PHI and PII and the resulting Breach, Defendant wrongfully disseminated Plaintiff's and the other Class Members' PHI and PII to unauthorized persons.

101.     Dissemination of Plaintiff's and the other Class Members' PHI and PII is not of a legitimate public concern; publicity of their PHI and PII was, is and will continue to be offensive to Plaintiff, the other Class Members and all reasonable people. The unlawful disclosure of same violates public mores.

102.     As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiff's and the member of the Class confidential medical information, Plaintiff and the members of the Class suffered damages, including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life.

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56 PM MM*

EXHIBIT C

103.    Plaintiff and the other Class members suffered and will continue to suffer damages including, but not limited to:  (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress. At the very least, Plaintiff and the other Class Members are entitled to nominal damages.

104.    Defendant's wrongful actions and/or inaction and the resulting Breach (as described above) constituted (and continue to constitute) an invasion of Plaintiff's and the other Class Members' privacy by publicly and wrongfully disclosing their private facts (*i.e.*, their PHI and PII) without their authorization or consent.

### COUNT V
### BREACH OF FIDUCIARY DUTY OF CONFIDENTIALITY

105.    The preceding factual statements and allegations are incorporated herein by reference.

106.    At all times relevant hereto, Defendant owed, and owes, a fiduciary duty to Plaintiff and the proposed class pursuant to Kansas common law, to keep Plaintiff's medical and other PHI and PII information confidential.

107.    The fiduciary duty of privacy imposed by Kansas law is explicated under the procedures set forth in the Health Insurance Portability and Accountability Act Privacy Rule, including, without limitation the procedures and definitions of 45 C.F.R. §160.103 and 45 C.F.R.

§164.530 which requires a covered entity, health care provider, to apply appropriate administrative, technical, and physical safeguards to protect the privacy of patient medical records.

108.    Defendant breached its fiduciary duty to Plaintiff by disclosing Plaintiff and the other Class Members PHI and PII to unauthorized third parties.

109.    As a direct result of Defendant's breach of fiduciary duty of confidentiality and the disclosure of Plaintiff's confidential medical information, Plaintiff and the proposed Class Members suffered damages.

110.    As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiff's and the member of the Class confidential medical information, Plaintiff and the members of the Class suffered damages, including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life.

111.    Plaintiff and the other Class Members suffered and will continue to suffer damages including, but not limited to:  (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress.  At the very least, Plaintiff and the other Class Members are entitled to nominal damages

## COUNT VI
## NEGLIGENT TRAINING AND SUPERVISION

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT C

112. The preceding factual statements and allegations are incorporated herein by reference.

113. At all times relevant hereto, Defendant owes a duty to Plaintiff and the Class to hire competent employees and agents, and to train and supervise them to ensure they recognize the duties owed to their patients and their parents.

114. Defendant breached its duty to Plaintiff and the member of the Class by allowing its employees and agents to give access to patient medical records to an unauthorized user.

115. As a direct result of Defendant's breach of its duty of confidentiality and privacy and the disclosure of Plaintiff's and the member of the Class confidential medical information, Plaintiff and the members of the Class suffered damages, including, without limitation, loss of the benefit of the bargain, exposure to heightened future risk of identity theft, loss of privacy, confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life.

116. Plaintiff and the other Class members suffered and will continue to suffer damages including, but not limited to: (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress. At the very least, Plaintiff and the other Class Members are entitled to nominal damages.

117. Defendant's wrongful actions and/or inaction and the resulting Breach (as described above) constituted (and continue to constitute) an invasion of Plaintiff's and the other

*Clerk of the District Court, Johnson County Kansas*
*04/20/21 03:56pm MM*

EXHIBIT C

Class Members' privacy by publicly and wrongfully disclosing their private facts (*i.e.*, their PHI and PII) without their authorization or consent.

## COUNT VII
## NEGLIGENCE *PER SE*

118.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein

119.    Plaintiff was under the medical care of the Defendant.

120.    The Defendant is a covered entity for purposes of HIPAA.

121.    Plaintiff is a member of the class HIPAA and HITECH were created to protect.

122.    Plaintiff's private health information is the type of information HIPAA and HITECH were created to protect. HIPAA and HITECH were created to protect against the wrongful and unauthorized disclosure of an individual's health information.

123.    The Defendant gave protected medical information to an unauthorized third party or unauthorized third parties without the written consent or authorization of Plaintiff.

124.    The Defendant gave protected medical information to unauthorized third parties without Plaintiff's oral consent or written authorization.

125.    The information disclosed to an unauthorized third party or unauthorized third parties included private health information about medical treatment.

126.    The Defendant's disclosure of the private health information of Plaintiff without consent or authorization is a violation of HIPAA and HITECH and is negligence *per se*.

127.    Alternatively, Defendant violated HIPAA and HITECH in that it did not reasonably safeguard the private health information of Plaintiff from any intentional or unintentional use or disclosure that is in violation of the standards, implementation specifications or other requirements

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT C

pursuant to HIPAA and HITECH including, but not limited to, 42 C.F.R. §§ 164.302-164.318, 45 C.F.R. § 164.500, *et seq*, and 42 U.S.C. §17902, and was therefore negligent *per se*.

128.   As a direct result of Defendant's negligence, Plaintiffs suffered damages and injuries, including, without limitation, loss of the benefit of their bargain, a reduction in value of their private health information, loss of privacy, loss of medical expenses, loss of trust, loss of confidentiality, embarrassment, humiliation, emotional distress, and loss of enjoyment of life.

129.   Plaintiff and the other Class members suffered and will continue to suffer damages including, but not limited to:  (i) the untimely and/or inadequate notification of the Breach; (ii) improper disclosure of their PHI and PII; (iii) loss of privacy; (iv) out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the Breach; (v) the value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud; (vi) the increased risk of identity theft; and, (vii) emotional distress. At the very least, Plaintiff and the other Class Members are entitled to nominal damages.

130.   As a direct result of Defendant's negligence, Plaintiff have a significantly increased risk of being future victims of identity theft relative to what would be the case in the absence of the Defendant's wrongful acts.

131.   As a direct result of Defendant's negligence, future monitoring, in the form of identity-theft or related identity protection is necessary in order to properly warn Plaintiffs of, and/or protect Plaintiffs from, being a victim of identity theft or other identity-related crimes.

132.   Plaintiff, individually and on behalf of the Class, seek actual damages for all monies paid to Defendant in violation of the HIPAA and HITECH.  In addition, Plaintiff seeks attorneys' fees.

EXHIBIT C

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Petition, respectfully request that the Court enter judgment in their favor and against Defendant, as follows:

A.    Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representatives and appointing Plaintiff's counsel as Lead Counsel for the Class;

B.    Declaring that Defendant's conduct was extreme and outrageous;

C.    Declaring that Defendant breached its implied contract with Plaintiff and Class Members;

D.    Declaring that Defendant negligently disclosed Plaintiff's and the Class Members PHI and PII;

E.    Declaring that Defendant has invaded Plaintiff's and Class Members' privacy;

F.    Declaring that Defendant breached its fiduciary duty to Plaintiff and the Class Members;

G.    Declaring that Defendant breached its implied contract with Plaintiff and the Class Members;

H.    Declaring that Defendant was negligent by negligently training and supervising its employees and agents;

I.    Ordering Defendant to pay actual damages to Plaintiff and the Class Members;

J.    Ordering Defendant to properly disseminate individualized notice of the Breach to all Class Members;

K.    For an Order enjoining Defendant from continuing to engage in the unlawful business practices alleged herein;

L.    Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff;

M.    Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56PM MM*

EXHIBIT C

N.     Ordering such other and further relief as may be just and proper.

Respectfully submitted,

*Maureen M. Brady*

Maureen M. Brady      KS #22460
Lucy McShane          KS #22517
McShane & Brady, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone:  (816) 888-8010
Facsimile:  (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
        lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

And

Phyllis A. Norman      KS #
Norman & Graves Law Firm
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com
**ATTORNEY FOR PLAINTIFFS**

Mitchell L. Burgess    KS #
Burgess Law Firm, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

28        *Clerk of the District Court, Johnson County Kansas*
          *04/20/21  03:56pm MM*

EXHIBIT C

21CV01716
Div4

## IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

C.C., individually and on behalf of all ) 
others similarly situated, )
                              )
           Plaintiffs, )
                              )
         v. )    Case No:
                              )    Division:
MED-DATA INCORPORATED )
Serve: )
Cogency Global, Inc. )
2101 SW 21st Street )
Topeka, KS 66604 )
                              )
           Defendant. )

## MOTION TO KEEP THE IDENTITY OF PLAINTIFF PRIVATE

**COMES NOW** Plaintiff, by and through counsel, and for her Motion to keep her identity private throughout the course of this litigation. In support of her Motion, Plaintiff states as follows:

1.     Plaintiff is a private citizen who was a patient at Defendant's medical center.

2.     Defendant was under a duty pursuant to state and federal law to keep Plaintiff's medical records, including her identity, confidential and protect against the publication of her private information, including her identity.

3.     On or about March 31, 2020 Defendant violated its duty and released Plaintiff's medical information to the public.

4.     As a result of Defendant's actions, Plaintiff has filed the instant litigation.

5.     Defendant's actions have already caused Plaintiff permanent and irreparable harm to her privacy.

6.     Ongoing and further harm would be done to Plaintiff if she were forced to reveal her identity in the course of this litigation which would trigger further association to cases pending throughout the State of Kansas.

1

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT D

7.    No prejudice will befall Defendant to maintain Plaintiff's privacy throughout this litigation as Defendant has a continuing duty to maintain Plaintiff's privacy which is not alleviated by the filing of this suit.

WHEREFORE, Plaintiff respectfully requests this Court to order that Plaintiff's identity remain private throughout this litigation and for such further orders as the Court deems necessary under the circumstances.

Respectfully submitted,

Maureen M. Brady

_____
Maureen M. Brady      KS #22460
Lucy McShane          KS #22517
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone:  (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
        lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

And

Phyllis A. Norman      KS #
NORMAN & GRAVES LAW FIRM
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com
**ATTORNEY FOR PLAINTIFFS**

Mitchell L. Burgess     KS #
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701

2        *Clerk of the District Court, Johnson County Kansas*
         *04/20/21  03:56pm MM*

EXHIBIT D

Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

3         *Clerk of the District Court, Johnson County Kansas*
            *04/20/21  03:56pm MM*

EXHIBIT D

21CV01716
Div4

IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| C.C., individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No: ) Division: |
| MED-DATA INCORPORATED Serve: Cogency Global, Inc. 2101 SW 21ˢᵗ Street Topeka, KS 66604 | ) ) ) ) ) ) |
| Defendant. | ) |

## DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, on behalf of herself and the other Class Members,

respectfully demands a trial by jury on all of her claims and causes of action so triable.

Respectfully submitted,

*Maureen M. Brady*

Maureen M. Brady    KS #22460
Lucy McShane       KS #22517
MᴄSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
          lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

And

Phyllis A. Norman    KS #

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT E

NORMAN & GRAVES LAW FIRM
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com
**ATTORNEY FOR PLAINTIFFS**

Mitchell L. Burgess    KS #
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT E

21CV01716
Div4

## IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| C.C., individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No: ) Division: |
| MED-DATA INCORPORATED | ) |
| Serve: | ) |
| Cogency Global, Inc. | ) |
| 2101 SW 21st Street | ) |
| Topeka, KS 66604 | ) ) |
| Defendant. | ) |

### ENTRY OF APPEARANCE

**COMES NOW** Maureen M. Brady of the law firm of McShane & Brady, LLC, and hereby enters her appearance as counsel on behalf of Plaintiff C.C. in the above-referenced matter.

Respectfully submitted,

*Maureen M. Brady*

_____

Maureen M. Brady      KS# 22460
Lucy McShane        KS# 22517
McShane & Brady, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Phone: (816) 888-8010
Fax: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
        lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFF**

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT F

21CV01716
Div4

## IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| C.C., individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No: ) Division: |
| MED-DATA INCORPORATED Serve: Cogency Global, Inc. 2101 SW 21st Street Topeka, KS 66604 | ) ) ) ) ) ) |
| Defendant. | ) ) |

## ENTRY OF APPEARANCE

**COMES NOW** Lucy McShane of the law firm of McShane & Brady, LLC, and hereby

enters her appearance as counsel on behalf of Plaintiff C.C. in the above-referenced matter.

Respectfully submitted,

_Lucy McShane_

Maureen M. Brady      KS# 22460
Lucy McShane       KS# 22517
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Phone:  (816) 888-8010
Fax:  (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
       lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFF**

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT G

21CV01716
Div4

## IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

|   |   |   |
|---|---|---|
| **C.C., individually and on behalf of all others similarly situated,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: |
| | ) | Division: |
| **MED-DATA INCORPORATED** | ) | |
| Serve: | ) | |
| Cogency Global, Inc. | ) | |
| 2101 SW 21ˢᵗ Street | ) | |
| Topeka, KS 66604 | ) | |
| | ) | |
| Defendant. | ) | |

## DESIGNATION OF LEAD COUNSEL

**COMES NOW** Plaintiff C.C. hereby designates Lucy McShane of the law firm of McShane & Brady, LLC, as lead counsel in the above-referenced matter.

Respectfully submitted,

*[signature]*

_____

Maureen M. Brady      KS# 22460
Lucy McShane          KS# 22517
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Phone:  (816) 888-8010
Fax:  (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
        lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFF**

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT H

21CV01716
Div4

IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| **C.C., individually and on behalf of all others similarly situated,** )<br><br>Plaintiffs, )<br><br>v. )<br><br>**MED-DATA INCORPORATED** )<br>Serve: )<br>Cogency Global, Inc. )<br>2101 SW 21st Street )<br>Topeka, KS 66604 )<br><br>Defendant. ) | Case No:<br>Division: |

## CERTIFICATE OF SERVICE

**COMES NOW** Plaintiff, by and through counsel, and hereby certifies that copies in paper and electronic format of *Plaintiff's Opening Interrogatories to Defendant* and *Plaintiff's First Requests for Production of Documents to Defendant* were served along with the Petition for Damages in the service packet.

Respectfully submitted,

*Maureen M. Brady*

Maureen M. Brady     KS #22460
Lucy McShane          KS #22517
McShane & Brady, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
           lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

And

1

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

EXHIBIT I

Phyllis A. Norman     KS #
NORMAN & GRAVES LAW FIRM
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com
**ATTORNEY FOR PLAINTIFFS**

Mitchell L. Burgess     KS #
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

2     *Clerk of the District Court, Johnson County Kansas*
      *04/20/21  03:56pm MM*

EXHIBIT I

21CV01716
Div4

## IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

C.C., individually and on behalf of all ) 
others similarly situated, )
  )
   Plaintiffs, )
  )
  v. )  Case No:
  )  Division:
**MED-DATA INCORPORATED** )
Serve: )
Cogency Global, Inc. )
2101 SW 21st Street )
Topeka, KS 66604 )
  )
   Defendant. )

### MOTION AND ORDER FOR
### APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for

Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal

Names (s): who are qualified persons to serve process, are not parties and are not less than eighteen

(18) years of age, as private process servers in the above cause to serve process in this case.

| | | |
|---|---|---|
| Jamie Andrews PPS21-0022 | Norman Diggs PPS21-0125 | Wendy Hilgenberg PPS21-0050 |
| Sallie Bailey PPS21-0023 | Edwina Ditmore PPS21-0126 | Brent Kirkhart PPS21-0051 |
| Brian Bankowski PPS21-0099 | William Ferrell PPS21-0034 | Janice Kirkhart PPS21-0052 |
| Dustin Becraft PPS21-0024 | Robert Finley PPS21-0035 | Tyler Kirkhart PPS21-0053 |
| Carrington Bell PPS21-0025 | Ramona Foster PPS21-0132 | Raymond Land PPS21-0162 |
| Miranda Bergner PPS21-0101 | James Frago PPS21-0036 | Bert Lott PPS21-0054 |
| Steven Bergner PPS21-0026 | John Frago PPS21-0037 | Frank Lundien PPS21-0168 |
| Thomas Bogue PPS21-0027 | David Garza PPS21-0134 | Chad Maier PPS21-0170 |
| Mathew Bohrer PPS21-0103 | Bradley Gordon PPS21-0038 | Kenneth Marshall PPS21-0171 |
| Arthur Boyer PPS21-0028 | Thomas Gorgen PPS21-0039 | Deborah Martin PPS21-0055 |
| Scott Brady PPS21-0029 | Mason Gray PPS21-0140 | Michael Martin PPS21-0056 |
| Donald Branda PPS21-0104 | Charles Gunning PPS21-0040 | Timothy McLleary PPS21-0057 |
| Jeff Brown PPS21-0030 | Michael Hancock PPS21-0041 | Michael Meador PPS21-0058 |
| Randy Burrow PPS21-0107 | James Hannah PPS21-0042 | Maria Meier PPS21-0059 |
| Gary Burt PPS21-0031 | Rufus Harmon PPS21-0043 | Heather Merfen PPS21-0060 |
| Glen Cobb PPS21-0114 | Stephen Heitz PPS21-0044 | Thomas Melte PPS21-0061 |
| Norman Collins PPS21-0115 | James Hise PPS21-0045 | Jill Miller PPS21-0178 |
| Michael Conklin PPS21-0120 | William Hockersmith PPS21-0046 | Michael Miller PPS21-0062 |
| Lisa Corbett PPS21-0122 | Mike Johnson PPS21-0047 | Matthew Millhollin PPS21-0063 |
| David Dice PPS21-0032 | Tawanda Johnson PPS21-0048 | Jason Moody PPS21-0064 |
| Maureen Dice PPS21-0033 | Patrick Jones PPS21-0049 | Jeremy Nicholas PPS21-0065 |

1

*Clerk of the District Court, Johnson County Kansas*
*04/20/21  03:56pm MM*

## EXHIBIT J

Michael Noble PPS21-0066
Greg Noll PPS21-0067
Robert Peters PPS21-0193
Carrie Pfeifer PPS21-0068
Craig Poese PPS21-0069
Dee Powell PPS21-0070
Samantha Powell PPS21-0071
William Powell PPS21-0072
Kim Presler PPS21-0073
Marcus Presler PPS21-0074
Mark Rauss PPS21-0075
Jason Rodgers PPS21-0076
Richard Roth PPS21-0077

Edna Russell PPS21-0078
Juan Santos PPS21-0207
Brian Scheer PPS21-0208
Brenda Schiwitz PPS21-0079
Mark Schneider PPS21-0209
Joe Sherrod PPS21-0212
Michael Siegel PPS21-0213
Robert Simpson PPS21-0214
Laura Skinner PPS21-0080
Thomas Skinner PPS21-0081
Richard Skyles PPS21-0082
Anthony Spada PPS21-0083
John Stotler PPS21-0220

Randy Stone PPS21-0219
Sonja Stone PPS21-0218
Lucas Traugott PPS21-0223
Ryan Weekley PPS21-0084
Misty Wege PPS21-0230
Andrew Wheeler PPS21-0085
Pamela Wheetley PPS21-0086
Andrew Wickliffe PPS21-0087
Gregory Willing PPS21-0088
Conni Wilson PPS21-0089
Stan Yoder PPS21-0233
Jacqueline Young PPS21-0090
Greg Zotta PPS21-0091

Respectfully submitted,

Maureen M. Brady      KS #22460
Lucy McShane          KS #22517
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone:  (816) 888-8010
Facsimile:  (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
        lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

And

Phyllis A. Norman      KS #
NORMAN & GRAVES LAW FIRM
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com
**ATTORNEY FOR PLAINTIFFS**

Mitchell L. Burgess    KS #
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private

process server is sustained, and the above-named individual is hereby approved and appointed to

serve process in the above-captioned matter.

IT IS HEREBY ORDERED.

DATE: _____

/s/ MELISSA MERCER
Dated: 04/22/21
Judge of the District Court

3          *Clerk of the District Court, Johnson County Kansas*
*04/20/21   03:56pm MM*

EXHIBIT J

21CV01716
Div4

## IN THE DISRICT COURT OF JOHNSON COUNTY, KANSAS

C.C., individually and on behalf of all         )
others similarly situated,                      )
                                                )
                    Plaintiffs,                 )
                                                )
        v.                                      )   Case No: 21CV01716
                                                )   Division: 4
MED-DATA INCORPORATED                           )
                                                )
                    Defendant.                  )
                                                )

## REQUEST AND SERVICE INSTRUCTION FORM

To: **Clerk of the District Court**

The Clerk of the Court will issue an Alias Summons in the above-entitled action for MED-DATA INCORPORATED for a response time of 30 days from the date of the summons.

Whose Address for service is:

Cogency Global, Inc.
2101 SW 21st Street
Topeka, KS 66604

Service is request as indicated:

Service by an authorized Process Server.

Respectfully submitted,

*Maureen M. Brady*

_____
Maureen M. Brady      KS #22460
Lucy McShane          KS #22517
MCSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telephone: (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
        lmcshane@mcshanebradylaw.com
**ATTORNEYS FOR PLAINTIFFS**

1         *Clerk of the District Court, Johnson County Kansas*
          *05/26/21  01:57pm ML*

EXHIBIT K

And

Phyllis A. Norman     KS #
NORMAN & GRAVES LAW FIRM
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 895-8989
Facsimile: (816) 895-8988
Email: Phyllis@ngkclaw.com
**ATTORNEY FOR PLAINTIFFS**

Mitchell L. Burgess     KS #
BURGESS LAW FIRM, P.C.
4505 Madison Avenue, Ste. 220
Kansas City, MO 64111
Telephone: (816) 471-1700
Facsimile: (816) 471-1701
Email: mitch@burgesslawkc.com
**ATTORNEY FOR PLAINTIFFS**

*Clerk of the District Court, Johnson County Kansas*
          *05/26/21  01:57pm ML*

EXHIBIT K

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION**

| | | |
|---|---|---|
| C.C., individually and on behalf of all others Similarly situated, | ) ) ) | Cause No.: |
| Plaintiffs, | ) ) | **DECLARATION OF THOMAS J. BIRCHFIELD IN SUPPORT OF** |
| v. | ) ) | **DEFENDANT'S NOTICE OF REMOVAL** |
| MED-DATA INCORPORATED, | ) ) | |
| Defendant. | ) | |

<u>**DECLARATION OF THOMAS J. BIRCHFIELD**</u>

I, THOMAS J. BIRCHFIELD, declare:

1.      I am the Vice President and General Counsel for Med-Data, Inc. ("MedData"). I am over the age of eighteen and am competent to testify to the below. I make this declaration based on my personal knowledge and on records maintained by MedData.

2.      The data security incident that forms the basis of Plaintiff's Petition affected approximately 135,000 individuals across the country.

3.      Out of the 135,000 members of the putative class, approximately 28,841 are State of Kansas residents.

I declare under penalty of perjury under the laws of the State of Kansas and the Commonwealth of Kentucky that the foregoing is true and correct.

Dated:        July 6, 2021 at Louisville, Kentucky.

_____
Thomas J. Birchfield

102073155.v1

EXHIBIT L

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of July, a true and correct copy of the above and foregoing Notice was served electronically to:

**Attorneys for Plaintiff**
McShane & Brady, LLC
Maureen M. Brady
Lucy McShane
1656 Washington Street, Suite 120
Kansas City, MO 64108
E-mail:        mbrady@mcshanebradylaw.com
               lmcshane@mcshanebradylaw.com

**Attorneys for Plaintiff**
Norman & Graves Law Firm
Phyllis A. Norman
4505 Madison Ave. Ste. 220
Kansas City, Missouri 64111
Email:         phyllis@ngkclaw.com

**Attorneys for Plaintiff**
Burgess Law Firm, P.C.
Mitchell L. Burgess
4505 Madison Ave. Ste. 220
Kansas City, Missouri 64111
Email:         mitch@burgesslawkc.com

*/s/ Theodore A. Kardis* _____

102073155.v1

EXHIBIT L