**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| C.C., individually and on behalf of all others Similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No.: 21-2301-DDC-GEB |
| v. | ) ) | |
| MED-DATA INCORPORATED, | ) ) | |
| Defendant. | ) | |

## <u>DEFENDANT MED-DATA INC.'S SUGGESTIONS
IN SUPPORT OF ITS MOTION TO DISMISS</u>

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................1

II.   BACKGROUND FACTS ........................................................1

      A.    Med-Data ................................................................1

      B.    Data Security Incident ............................................1

      C.    Plaintiff's Petition...................................................2

            1.    Claims ...........................................................3

            2.    Damages ........................................................3

            3.    Plaintiff 's Claimed Damages are Unsupported...........4

III.  ARGUMENT ......................................................................5

      A.    Standard of Review.................................................5

            1.    Dismissal Under Federal Rule of Civil Procedure 12(b)(6) ...................................................5

            2.    Lack of Damages ...........................................6

      B.    Each Identified Cause of Action Should be Dismissed for Failure to State a Claim for Damages....................................7

            1.    Plaintiff Fails to State a Claim for Outrageous Conduct.......................................................7

            2.    Plaintiff Fails to State a Claim for Breach of Implied Contract.......................................................8

            2.    Plaintiff Fails to State a Claim for Negligence or Negligence Per Se.........................................9

            3.    Plaintiff Fails to State a Claim for Invasion of Privacy by Public Disclosure of Private Facts.........................11

            4.    Plaintiff Fails to State a Claim for Breach of Fiduciary Duty of Confidentiality...............................12

5.      Plaintiff Fails to State a Claim for Negligent Training
        and Supervision ..........................................................14

IV.     CONCLUSION...................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acara v. Banks,*
470 F.3d 569 (5th Cir. 2006)...............................................................................11

*Allegri v. Providence-St. Margaret Health Center,*
9 Kan. App. 2d 659 (1984)..................................................................................8

*Amburgy v. Express Scripts,*
671 F.Supp.2d 1046 (E.D. Mo. 2009)............................................................6, 12

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...........................................................................................5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 554 (2007) ...........................................................................................5

*Dana v. Heartland Mgmt. Co.,*
48 Kan. App. 2d 1048 (2013)..............................................................................7

*Daniels v. Army National Bank,*
249 Kan. 564 (1991)...........................................................................................13

*Davis v. Progressive Universal Ins. Co.,*
2020 U.S. Dist. LEXIS 251534 (D. Or. Oct. 13, 2020) ....................................10

*Faber v. CIOX Health, LLC,*
F.Supp.3d 767 (W.D. Tenn. 2018), aff'd 994 F.3d 593 (6th Cir. 2019) .............11

*Froelich v. Adair,*
213 Kan. 357, 358-59 (1973) .............................................................................12

*Garmon v. Cty. of L.A.,*
828 F.3d 837, 847 (9th Cir. 2016).......................................................................11

*Hall v. Kansas Farm Bureau,*
274 Kan. 263, 273 (2002)....................................................................................8

*Hapka v. CareCentix Inc.,*
2016 U.S. Dist. LEXIS 175346 (D. Kan. 2016) .................................................6

*Hauptman v. WMC, Inc.*,
  43 Kan. App. 2d 276 (2010) .............................................................. 12

*Holley v. A&E Television Networks, LLC*,
  2018 WL 7075158 (S.D. Ohio Jan. 17, 2019), *adopted by* 2019 WL
  254382 (S.D. Ohio Jan. 17, 2019) ..................................................... 10

*Horosko v. Jones*,
  No. 91,375, 2004 Kan. Unpub. LEXIS 16 at *1 ................................ 13

*In re Sci. Applications Intl'l Corp. (SAIC) Backup Tape Data Theft Litig.*,
  45 F. Supp. 3d 14, 26027 (D.D.C. 2014) ........................................... 6

*In re Zappons.com, Inc.*,
  108 F.Supp. 3d 949 (D. Nev. 2015) .................................................... 6

*Kan. ex rel. Schmidt*,
  2019 Kan. Dist. LEXIS 51 (D. Kan., July 22, 2019) ......................... 6

*Key v. DSW, Inc.*,
  454 F. Supp. 2d 684, 690 (S.D. Ohio 2006) ....................................... 6

*Kuhns v. Scottrade Inc.*,
  2016 U.S. Dist. LEXIS 89992 (E.D. Mo. 2016) ................................. 6

*Kuhns v. Scottrade Inc.*,
  868 F.3d 711 (8th Cir. 2017) ........................................................... 5, 6

*Marquis v. State Farm Fire & Cas. Co.*,.
  265 Kan. 317, 331 (1998) ................................................................. 12

*McNeil v. Best Buy Co.*,
  2014 U.S. Dist. LEXIS 45237 (E.D. Mo. 2014) ............................... 12

*Olson v. Harshmann*,
  233 Kan. 1055 (1983) ....................................................................... 13

*Peters v. Deseret Cattle Feeders, LLC*,
  309 Kan. 462 (2019) ........................................................................... 8

*Randolph v. ING Life Ins. & Annuity Co.*,
  486 F. Supp. 2d 1, 8 (D.D.C. 2007) .................................................... 6

*Reilly v. Ceridian Corp.*,
  664 F.3d 38, 42 (3d Cir. 2011) ........................................................... 6

*Ridge at Red Hawk, LLC v. Schneider*,
  2005 U.S. Dist. LEXIS 34891 (D. Utah 2005) ................................................... 5

*Schneider v. Kan. Secs. Comm'r*,
  54 Kan. App. 2d 122 (Kan. App. 2017) ........................................................ 13

*Shirley v. Imogene Glass,*
  297 Kan. 888 (2013).................................................................................. 9, 10

*Southern Disposal, Inc. v. Texas Waste*,
  161 F.3d 1259, 1262 (10th Cir. 1998).............................................................. 5

*State ex rel. Dean v. Cunningham*,
  182 S.W.3d 561 (Mo. banc 2006) ................................................................. 11

*Valadez v. Emmis Communs.*,
  290 Kan. 472 (2010)..................................................................................... 7

*Xiangyuan Zhu v. St. Francis Health* Center,
  2007 Kan. Appl. Unpub. LEXIS 522 (Kan. App. 2007).................................. 12

## Rules

*Fed R. Civ. P. 12(b)(6)*............................................................................... 5

## Statutes

KAN. STAT. ANN. §§ 50-7a01–7a04 (Supp. 2017)
................................................................................................................. 5

## **INTRODUCTION**

Plaintiff's Petition fails to state a claim upon which relief may be granted because, among other reasons, the damages he/she claims are too speculative and remote to be redressable by this Court. Specifically, the Petition: (1) fails to state a claim for outrageous conduct because plaintiff has failed to plead conduct that is utterly intolerable in a civilized society and has suffered no damages; (2) fails to state a claim with respect to breach of implied contract because he/she has not properly pled the existence of an implied contract between Plaintiff and defendant and has suffered no damages; (3) fails to state a claim with respect to negligence and negligence per se because he/she has suffered no damages and fails to allege proximate cause; (4) fails to state a claim with respect to invasion of privacy by public disclosure of private facts because he/she has suffered no damages and it is not clear the law provides for a cause of action under these facts; (5) fails to state a claim with respect to breach of fiduciary duty of confidentiality because he/she has suffered no damages and it is not clear the law provides for a cause of action under these facts; and (6) fails to state a claim with respect to negligent training and supervision because he/she has suffered no damages and fails to allege proximate cause. Finally, declaratory and injunctive relief are inappropriate for the same reasons. Accordingly, dismissal is warranted.

## I.    **BACKGROUND FACTS**

### A. **Med-Data**

Med-Data is a national provider of revenue cycle management services for hospitals and healthcare systems, including Medicaid eligibility solutions and patient billing, among many other services. In order to provide these services to its hospital clients, Med-Data

necessarily utilizes patients' personal and health information provided by the hospitals. Med-Data does not charge patients (i.e. the putative class herein) a fee for these services. MedData instead contracts directly with its hospital clients for payment for its services.

## B. <u>Data Security Incident</u>

This suit arises out of a data security incident involving one of Med-Data's former employees. Between December 2018 and September 2019, the former employee allegedly copied and uploaded data to personal folders on a public-facing website (the "Website"). The folders contained the personal and health information of approximately 135,000 patients. The folders were removed in December 2020, immediately after MedData was alerted to them and confirmed their existence on the Website. There are no allegations that any information contained in the folders was ever actually stolen or fraudulently used. Further, there are no allegations that Plaintiff has suffered actual damages as a result of the incident.

The Petition alleges that Plaintiff and the putative class of plaintiffs were patients of "Business Associates of Defendant" and "as a result, provided their PHI and PPI to Defendant" (Petition ¶ 19). However, the Petition does not identify where Plaintiff C.C. himself/herself was a patient. Defendant is therefore unable to assess whether the facility at issue was a client of Med-Data. The Petition alleges that on March 31, 2021, Defendant sent a notice letter to Plaintiff and members of the proposed Class. (Petition ¶ 23). The Petition does not attach the letter.

## C. __Plaintiff's Petition__

### 1. __Claims__

Plaintiff filed this suit on April 22, 2021, asserting various causes of action arising out of the alleged data security incident, including:

- Outrageous Conduct (Class Action Petition, ¶¶ 79-83)

- Breach of Implied Contract (Class Action Petition, ¶¶ 84-90)

- Negligence (Class Action Petition, ¶¶ 91-97)

- Invasion of Privacy by Disclosure of Private Facts (Class Action Petition, ¶¶ 98-104)

- Breach of Fiduciary Duty of Confidentiality (Class Action Petition, ¶¶ 105-111)

- Negligent Training and Supervision (Class Action Petition, ¶¶ 112-117)

- Negligence Per Se (Class Action Petition, ¶¶ 118-132)

Plaintiff and those similarly situated also seek declaratory and injunctive relief. (Class Action Petition, Request for Relief, p. 27).

### 2. __Damages__

The damages Plaintiff alleges he/she and the other Class Members include the following:

- The untimely and/or inadequate notification of the Breach;

- Improper disclosure of their PHI and PII;

- Loss of privacy and confidentiality;

- Out-of-pocket expenses incurred to mitigate the increased risk of identity theft and/or identity fraud pressed upon them by the breach;

- The value of their time spent mitigating identity theft and/or identity fraud and/or the increased risk of identity theft and/or identity fraud;

- The increased risk of identity theft;

- Loss of privacy, emotional distress, lost medical expenses, embarrassment, humiliation, shame and loss of enjoyment of life;

- Loss of benefit of the bargain (Paid more for medical record privacy protections than they otherwise would have; Paid for medical record privacy protections that they did not receive.);

- Future monitoring;

- Plaintiff also seeks attorneys' fees.

(Class Action Petition, ¶¶ 83, 89, 90, 95, 96, 102, 103, 110, 111, 115, 116, 128-132).

### 3.    Plaintiff's Claimed Damages are Unsupported

As shown above, Plaintiff claims many categories of damages; however, none of the claimed damages are supported by allegations on the face of the Petition. Specifically, Plaintiff's Petition does not allege that there was any actual or attempted fraud, misuse, or impersonation of his/her identity as a result of the breach. The Petition does not allege that Plaintiff had to pay more or was denied access to health care or financial services as a result of the breach. The Petition does not allege that Plaintiff actually undertook any steps to protect his/her identity after receiving notification of the breach. Plaintiff's Petition merely makes speculative allegations about various possible future harms and mitigation measures none of which, it appears on the face of the Petition, Plaintiff has even pursued.

These bases for recovery are too remote. The Petition is just as vague and conclusory regarding the possible harms suffered by potential Class Members. Even taking the

Plaintiff's allegations as true, the Petition simply fails to plausibly state a claim for compensable damages redressable by this Court.

## II.  ARGUMENT

### A. STANDARD OF REVIEW

#### 1.  Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a cause of action may be dismissed if it fails to state a claim of relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court "need not accept conclusory allegations without supporting factual averments." *Ridge at Red Hawk, LLC v. Schneider*, 2005 U.S. Dist. LEXIS 34891 (D. Utah 2005), *quoting Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). A plaintiff must plead facts "plausibly suggesting" liability not just "merely consistent with" a right to relief. *Twombly*, 550 U.S. at 557. The factual allegations in the Petition must raise the right to relief beyond a speculative level. *Id.* at 545. Further, "[m]assive class action litigation should be based on more than allegations of worry and inconvenience." *Kuhns v. Scottrade Inc.*, 868 F.3d 711, 718 (8th Cir. 2017). In the present case, Plaintiff has failed to provide any notice to Defendant regarding how he or she has suffered any damages as a result of the data breach. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted.

## 2.      **Lack of Damages**

Federal courts have dismissed class action data breach lawsuits in which the plaintiff does not claim her personal information has in fact been stolen and/or her identity compromised, and therefore faces "no injury in fact." *See Hapka v. CareCentix Inc.*, 2016 U.S. Dist. LEXIS 175346 (D. Kan. 2016) (collecting cases).[1] In such cases, it cannot be said that there is an actual alleged injury to the plaintiff. *Amburgy v. Express Scripts, Inc.*, 671 F.Supp. 2d 1046, 1054 (E.D. Mo. 2009). Conclusory claims involving "increased risk of identity theft, time spent to monitor credit and other accounts, loss and compromise of personal information, loss of exclusive control over such information, and the invasion of privacy" are not compensable damages. *Id*. Similar to other class action data breach cases which have been dismissed by district courts, Plaintiff's Class Action Petition pleads, at most, damages stemming from his or her worry, inconvenience, possible future harm, and the alleged cost of mitigation measures not even taken, none of which are redressable by a court of law.[2]

---

[1] *Reilly v. Ceridian Corp.*, 664 F.3d 38, 42 (3d Cir. 2011) (affirming dismissal for lack of standing due to a lack of injury based on an increased risk of harm when unaccompanied by misuse of the information); *In re Zappons.com, Inc.*, 108 F.Supp. 3d 949, 958-50 (D. Nev. 2015) (finding no injury in fact for future threat of fraud when over three years had passed since data breach with no reports of fraud); *In re Sci. Applications Intl'l Corp. (SAIC) Backup Tape Data Theft Litig.*, 45 F. Supp. 3d 14, 26027 (D.D.C. 2014) (finding no standing based on an increased risk of harm alone as there is no injury to the plaintiff); *Amburgy v. Express Scripts, Inc.*, 671 F.Supp. 2d 1046, 1052-53 (E.D. Mo. 2009) (finding no standing and no injury when the plaintiff was unsure whether his own personal information had been stolen); *Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 8 (D.D.C. 2007) (mere allegation that plaintiffs have incurred or will incur costs in an attempt to protect themselves against increased risk of identity theft fails to demonstrate an injury); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 690 (S.D. Ohio 2006) (finding no injury in fact when the plaintiff alleged only that she was "subjected to a substantial increased risk of identity theft or other related financial crimes"); *see also Kuhns v. Scottrade, Inc.*, 2016 U.S. Dist. LEXIS 89992 (E.D. Mo. 2016), *aff'd by Kuhns v. Scottrade Inc.*, 868 F.3d 711 (8th Cir. 2017) (affirming dismissal of Consolidated Class Action data breach complaint based upon a lack of injury).

[2] No data breach litigation has reached the Kansas Appellate Court or Kansas Supreme Court. It appears that only one reported Kansas district court has considered a class action data breach claim. *See Kan. ex rel. Schmidt*, 2019 Kan.

## B. EACH IDENTIFIED CAUSE OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM FOR DAMAGES

### 1. Plaintiff Fails to State a Claim for Outrageous Conduct

Claims of breach of privacy and outrageous conduct causing severe emotional distress are separate torts. *Valadez v. Emmis Communs.*, 290 Kan. 472 (2010). "Extreme and outrageous conduct sufficient to support the tort of outrage goes beyond the bounds of decency and is to be regarded as atrocious and utterly intolerable in a civilized society." *Dana v. Heartland Mgmt. Co.*, 48 Kan. App. 2d 1048 (2013). "Fright, concern, embarrassment, worry, and nervousness do not constitute sufficient harm to warrant the award of damages for extreme and outrageous conduct." *Id*. at 1048.

Plaintiff's Petition makes conclusory allegations that Defendant's conduct was "extreme and outrageous" and "caused Plaintiff and the other Class Members extreme and severe mental distress." (Petition, ¶ 82.) However, the allegations pled, even taken as true, plainly do not establish a pattern of conduct by Defendant that is "atrocious and utterly intolerable in a civilized society." *Id*. at 1048. Further, plaintiff has failed to plead damages that are reasonably certain and imminent and has not formally pled medically significant emotional distress. Accordingly, the Petition fails to state a claim for outrageous conduct upon which relief may be granted. As a result, Count I should be dismissed by this Court pursuant to Rule 12(b)(6).

---

Dist. LEXIS 51 (D. Kan., July 22, 2019). Of note, this case was resolved by a consent judgment, which was entered without the taking of proof and without trial or adjudication of any fact or law, and is without precedential value.

## 2.     Plaintiff Fails to State a Claim for Breach of Implied Contract

Plaintiff alleges that Defendant's data breach constituted a breach of an implied contract. "A contract implied in fact arises from facts and circumstances showing mutual *intent* to contract… a contract implied in law, or quasi contract, exists regardless of assent. It is a fiction of the law designed to prevent unjust enrichment." *Allegri v. Providence-St. Margaret Health Center*, 9 Kan. App. 2d 659 (1984), *quoting Mai v. Youtsey*, 231 Kan. 419, 422 (1982). Further, an implied contract cannot be established solely upon one party's "subjective understanding or expectation." *Peters v. Deseret Cattle Feeders, LLC*, 309 Kan. 462 (2019), quoting *Hall v. Kansas Farm Bureau*, 274 Kan. 263, 273 (2002).

Plaintiff's Petition alleges "[i]n providing such PHI and PII, Plaintiff and the other Class Members entered into an implied contract with Defendant." (Petition, ¶ 86). However, Plaintiff does not allege the elements that would be needed to establish the alleged implied contract between Plaintiff and Defendant. Specifically, Plaintiff does not allege that Defendant received a benefit or has been otherwise unjustly enriched by any act of Plaintiff, or that Defendant intended at all to contract with Plaintiff. Further, Plaintiff's Petition does not identify the specific medical care provider at issue, stating only that Plaintiffs were "patients of Business Associates of Defendant." As such, Plaintiff's implied contract, if it existed at all, was a contract between plaintiff and his/her health care provider directly, to whom Plaintiff actually provided his/her personal data, an entity who is not named in this lawsuit.  As there is no allegation to support an implied contract, Count II should be dismissed pursuant to Rule 12(b)(6).

Secondly, even positing the existence of an implied contract, the damages identified in the Petition resulting from this data breach are too remote to be redressable by this Court. As noted above, Plaintiff has simply failed to allege any actual damage or injury that he or she has suffered, and such damages must be pleaded for recovery in this cause of action. For reasons stated above, Plaintiff's Petition alleges economic consequences that are speculative, unclear, and may never result. Accordingly, the Petition fails to state a claim for breach of contract upon which relief may be granted and for this separate reason Count II should be dismissed by this Court.

### 3.    Plaintiff Fails to State a Claim for Negligence or Negligence Per Se.

Plaintiff's Petition alleges negligence and negligence per se. (Petition ¶¶ 91-97, 118-132.) "A plaintiff in a negligence action must prove four elements: a duty owed to the plaintiff, breach of that duty, causation between the breach of the duty and injury to the plaintiff, and damages suffered by the plaintiff." *Shirley v. Imogene Glass,* 297 Kan. 888 (2013). Plaintiff must plead all four elements in order to sustain an action for negligence.

Even assuming Plaintiff is able to establish that Defendant owed a duty and breached that duty, Plaintiff has failed to plead actual, imminent damages, as demonstrated above which were caused by this alleged breach of a duty owed to Plaintiff. Further, to the extent that he/she assumes the existence of damages, which this Court cannot do, he/she has not shown any act of Defendant was the cause in fact of the supposed damages that he/she alleges. Consumers in the modern economy entrust their data to many businesses. If Plaintiff were to sustain an identity theft in the future, the Petition fails to plead with particularity that it would have been a result of *this* data security incident as opposed to a

hack or a data breach at a different company or of Plaintiff directly. Thus, he/she cannot recover in negligence and Count III of the Petition should be dismissed pursuant to Rule 12(b)(6).

Negligence per se is an alternative method of proving the duty/breach elements of a negligence cause of action, deriving from statutes rather than common law. It is not enough to merely cite a statute and assert that Defendant has violated it; the statute must set out a statutory minimum standard of care. *See Shirley,* 297 Kan. 888 at 894. However, Kansas has not legislatively imposed liability for personal data breaches, opting instead to limit statutory intervention to notices requirements. KAN. STAT. ANN. §§ 50-7a01–7a04 (Supp. 2017).

In support of his/her claim for negligence per se, Plaintiff generally cites and discusses the statutes HIPAA and HITECH which concern medical privacy. (Petition, ¶¶ 33-48, 120-132.) While Defendant does not dispute that HIPAA and HITECH generally establish obligations to safeguard medical information, Plaintiff's invoking the statues is insufficient to state a claim for negligence per se as these statutes are not applicable to Med Data. *See e.g. Davis v. Progressive Universal Ins. Co.*, 2020 U.S. Dist. LEXIS 251534 at *10 (D. Or. Oct. 13, 2020) ("[P]laintiff has not cited to, and the Court is not aware of, any authority extending HIPAA to non-covered entities such as Progressive."); *Holley v. A&E Television Networks, LLC*, 2018 WL 7075158, *2 (S.D. Ohio Dec. 10, 2018), *adopted by* 2019 WL 254382 (S.D. Ohio Jan. 17, 2019) ("because Defendants are not 'covered entities' under HIPAA" - i.e., they are not "a health plan, a health clearing house, or a health care provider" - "HIPAA imposed no duty on them").

Moreover, it is well-established that "HIPAA itself provides no private right of action." *Garmon v. Cty. of L.A.*, 828 F.3d 837, 847 (9th Cir. 2016) (citation and internal quotations omitted). Accordingly, even assuming Med Data was covered by and subject to HIPAA, plaintiff cannot maintain a claim, whether it lies in negligence or otherwise, based on a violation of HIPAA's disclosure standards. *See Faber v. CIOX Health, LLC*, 331 F.Supp.3d 767, 777-779 (W.D. Tenn. 2018), *aff'd*, 944 F.3d 593 (6th Cir. 2019) (rejecting the plaintiff's negligence and negligence per se claims based on HIPAA and HITECH); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (per curiam) (because there is no private cause of action under HIPAA, the plaintiff's claims that a doctor had wrongfully disclosed her medical records were not viable).

Finally, even assuming that either HIPAA or HITECH create a duty by Defendant to Plaintiff which supports a negligence per se action, which Defendant denies, and that Plaintiff can establish the Defendant's data security incident amounted to a breach of these statutes, Plaintiff has still failed to plead that he/she was actually damaged by the breach and that Defendant's conduct was the proximate cause of that damage. Accordingly, this Court should dismiss Count VII of the Petition, Plaintiff's negligence per se claims.

**4.  Plaintiff Fails to State a Claim for Invasion of Privacy by Public Disclosure of Private Facts.**

Negligence is a tort separate from the tort of invasion of privacy, of which four types are recognized in Kansas: "intrusion upon seclusion, appropriation of name or likeness, publicity given to private life, and publicity placing a person in false light." *Xiangyuan Zhu v. St. Francis Health* Center, 2007 Kan. Appl. Unpub. LEXIS 522, *quoting Froelich v.*

*Adair*, 213 Kan. 357, 358-59 (1973). It appears no Kansas cases have considered an invasion of privacy claim in the context of data breach. As in other cases involving data breach claims, in this case, the nature of Plaintiff's claimed harm is speculative. *Amburgy*, 671 F.Supp.2d at 1055; *see also McNeil v. Best Buy Co.*, 2014 U.S. Dist. LEXIS 45237 (E.D. Mo. 2014) (dismissing plaintiff's class action data breach claim for invasion of privacy/disclosure of public facts). Damages cannot reasonably be assessed for a hypothetical harm which may (or may not) come to Plaintiff in the future. *Id.* Nor can Plaintiff recover damages for emotional distress inasmuch as he/she does not allege that he/she suffers any medically diagnosed condition that resulted from defendant's negligent act. *Id.*, quoting *State ex rel. Dean v. Cunningham*, 182 S.W.3d 561, 568 (Mo. banc 2006).

In this case, Plaintiff's Petition does not allege with particularity how the data breach impacted Plaintiff's life beyond conclusory allegations of garden-variety emotional distress. Such damages are too remote and speculative to be assessed or awarded by this Court. Accordingly, this Court should dismiss Plaintiff's claims for Invasion of Privacy by Public Disclosure of Private Facts (Count IV) pursuant to Rule 12(b)(6) as there as there is no claim for damages sufficient to state a claim against Defendant.

5.     <u>**Plaintiff Fails to State a Claim for Breach of Fiduciary Duty of Confidentiality.**</u>

Plaintiff's Petition alleges a breach of the fiduciary duty of confidentiality. (Petition, ¶¶ 105-111). The requirements of a claim of breach of fiduciary duty are the existence of a duty, breach of that duty, and damages resulting from the breach. *Schneider v. Kan. Secs. Comm'r*, 54 Kan. App. 2d 122, 152 (Kan. App. 2017), *quoting Horosko v. Jones*, No.

91,375, 2004 Kan. Unpub. LEXIS 16 at *1 (Kan. 2004). A mere contractual relationship without more does not amount to a fiduciary relationship. *See e.g. Daniels v. Army National Bank*, 249 Kan. 564 (1991); *see also Olson v. Harshman*, 233 Kan. 1055, 1057 (1983) ("There is no invariable rule which determines the existence of a fiduciary relationship, but it is manifest in all the decisions that there must be not only confidence of the one in the other, but there must exist a certain inequality, dependence, weakness of age, of mental strength, business intelligence, knowledge of the facts involved, or other conditions, *giving to one advantage over the other.*").

Again, there is no reported case regarding a breach of fiduciary duty under Kansas law arising out of a data breach. And there is certainly no reported case that suggests that Defendant was serving as a fiduciary for Plaintiff or that Plaintiff had any relationship whatsoever with Defendant, much less a fiduciary relationship. Indeed, Plaintiff has not identified any facts in the Petition that would suggest that a contractual relationship, much less a fiduciary relationship existed with Defendant. Accordingly, Plaintiff has not alleged the first element necessary to state a breach of fiduciary duty – the existence of a fiduciary relationship.

Moreover, similar to Plaintiff's claims of negligence, even assuming Plaintiff's Petition is capable of establishing the duty and breach elements, Plaintiff's claims fail due to the failure to allege actual, imminent damages and proximate cause. Accordingly, the Petition fails to state a claim for breach of fiduciary duty of confidentiality upon which relief can be granted, and therefore, Count V must be dismissed.

**6.** **Plaintiff Fails to State a Claim for Negligent Training and Supervision.**

Plaintiff's Petition alleges that Defendant owed a duty to Plaintiff and the Class to hire and train employees and agents to ensure they recognize duties owed to their patients. (Petition, ¶¶ 112-117). Kansas law recognizes the theory of negligent supervision. *Hauptman v. WMC, Inc.*, 43 Kan. App. 2d 276 (2010), citing *Marquis v. State Farm Fire & Cas. Co.*, 265 Kan. 317, 331 (1998).

Defendant has not identified any reported Kansas cases regarding claims of negligent training and supervision in the context of data breach claims. However, similar to Plaintiff's claims of negligence, even assuming Plaintiff's Petition is capable of establishing the duty and breach elements, Plaintiff's claims fail in this case due to the failure to allege actual, imminent damages and proximate cause. Accordingly, Count VI the Petition fails to state a claim for negligent training and supervision upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Plaintiff fails to state claims upon which relief may be granted. Accordingly, Defendant respectfully requests that Plaintiff's claims be dismissed with prejudice. Defendant further requests any other relief to which it may be justly entitled.

Respectfully submitted,

MED-DATA, INC.

By: /s/ Theodore A. Kardis

Theodore A. Kardis, #21052 (KS)
WALLACE SAUNDERS
10111 West 87th Street
Overland Park, KS 66212
913-888-1000 (Phone)
913-888-1065 (Fax)
tkardis@wallacesaunders.com

/s/ Jesse J. Gray
**Pro Hac Vice Application Forthcoming**
Daniel E. Tranen, #48585 (MO)
Jesse J. Gray, #68855 (MO)
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP
101 West Vandalia Street, Suite 220
Edwardsville, IL 62025
618-307-0200 (Phone)
618-307-0221 (Fax)
daniel.tranen@wilsonelser.com
jesse.gray@wilsonelser.com

*Attorneys for Med-Data Incorporated*

1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court using ECF system on this 5th day of August 2021, which shall send a notice of electronic filing to all counsel of record.

*/s/ Theodore A. Kardis*