# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **C.C.,  individually and on behalf of** ) | |
| **all others similarly situated,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 21-2301-DDC-GEB** |
| ) | |
| **MED-DATA INCORPORATED,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This matter is before the Court on Plaintiff C.C.'s Motion to keep her identify private throughout the course of this litigation. (**ECF No. 8.**) The motion was filed in the Johnson County District Court on April 2, 2021, making Defendant's response deadline long past due. For this reason alone, the Court may grant the motion as uncontested without further notice pursuant to D. Kan. Rule 7.4(b).

Furthermore, upon informal communication with counsel, defense counsel informed the undersigned the parties came to "an understanding that Defendant does not oppose the motion inasmuch as it pertains to public filings, and Plaintiff agrees that Defendant may learn Plaintiff's identity in discovery."[1] Likewise, during the conference

---

[1] Email from Tad A. Kardis, counsel for Defendant Med-Data Incorporated, to counsel of record and ksd_Birzer_chambers@ksd.uscourts.gov (July 15, 2021, 2:41 p.m. CST) (maintained in chambers file).

held August 20, 2021, defense counsel again confirmed their position.[2]

Although the "federal rules do not explicitly sanction the use of pseudonyms to conceal plaintiffs' real names," in "exceptional circumstances . . . courts have permitted a plaintiff to proceed under a fictitious name where disclosure of plaintiff's name would implicate significant privacy interests or threats of physical harm."[3] "To proceed under a pseudonym, a plaintiff must typically show that disclosure of her identity in the public record 'would reveal highly sensitive and personal information that would result in social stigma or the threat of real and imminent physical harm.'"[4]

On review of the Petition and Motion filed by Plaintiff, this Court finds disclosure of Plaintiff's name would implicate significant privacy interests, particularly in this case where disclosure of her highly sensitive private medical information is itself the alleged cause of her harm. Here, Plaintiff agrees to disclose her identity to Defendant during discovery, and Defendant agrees to maintain Plaintiff's privacy in public filings. The parties have also been directed to confer and submit a proposed Protective Order which addresses other ways Plaintiff's identity may be protected while permitting Defendant the ability to fully defend this matter. (*See* Order, ECF No. 22).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to keep her identify private (**ECF No. 8**) is **GRANTED**. The parties are encouraged to continue to confer

---

[2] The August 20, 2021 status conference was held by telephone and was not recorded. The Court's own handwritten notes are maintained in the chambers file.

[3] *Doe 1 v. Unified Sch. Dist. 331*, No. 11-1351-KHV, 2013 WL 1624823, at *1 (D. Kan. Apr. 15, 2013) (multiple internal citations omitted).

[4] *Id*. (quoting *Raiser v. BYU,* No. 04–4025, 127 Fed. Appx. 409, 411 (10th Cir. March 29, 2005)).

regarding the public identification of Plaintiff. In the event this matter proceeds to trial, the

Court will reevaluate the privacy concerns at a later date, closer to the pretrial conference.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 20th day of August, 2021.


s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge