IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **C.C., individually and on behalf of all others similarly situated,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**MED-DATA INCORPORATED,**<br><br>    **Defendant.** | **Case No. 21-2301-DDC-GEB** |

### MEMORANDUM AND ORDER

This Order stems from defendant's Response to Notice and Order to Show Cause (Doc. 13). For now, the parties have alleged enough about their citizenship to reassure the court that it has discharged its obligation to ensure that subject matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). But also, the court writes on this topic to communicate several key aspects of this decision that deserve plaintiff and defendant's attention.

*First*, and for now, the court accepts as sufficient defendant's Response to Notice and Order to Show Cause (Doc. 13). This filing alleges and clarifies that "Defendant is a citizen of Washington and Texas" because it "is incorporated under the laws of Washington State and maintains its principal place of business in Texas." *Id.* at 2–3. A corporation's citizenship—for purposes of the diversity jurisdiction analysis—is determined by the entity's state of incorporation and principal place of business. *See Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013). So, defendant's assertion suffices.

*Second*, and for present purposes only, the court accepts as sufficient defendant's assertion in the Response that "upon information and belief . . . plaintiff is domiciled and

therefore a citizen of the state of Kansas[.]" Doc. 13 at 2 (citation and emphasis omitted). Defendant evidently bases its allegation on plaintiff's state court Petition, which alleges that plaintiff is a Kansas citizen. *Id.* (citing Doc. 1 at 18 (Pet. ¶ 12)). For individuals, diversity jurisdiction turns on citizenship. *See generally* 28 U.S.C. § 1332. Citizenship determinations are based on an individual's domicile. *Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006). This allegation suffices to show that plaintiff is a citizen of a state other than Washington and Texas, where defendant is a citizen for purposes of diversity jurisdiction.

*Third*, the courts notes, however, several factual irregularities in the parties' papers. And, the court directs the parties to heed these details and take swift action if needed. Specifically, the same passage of the Petition on which defendant relies for its allegation about plaintiff's Kansas citizenship also contains factual allegations which defendant denies. That is, plaintiff's state court Petition alleges that "both Plaintiff and Defendant are citizens of the State of Kansas[.]" Doc. 1 at 18 (Pet. ¶ 12). Defendant denies that it is a Kansas citizen. *See* Doc. 13 at 2. But it accepts as true the other half of the same sentence because this detail involves an allegation that plaintiff has made about herself. *See id.* ("While Defendant denies that Defendant is a citizen of the State of Kansas . . . Defendant can reasonably rely upon the allegation in the Petition that plaintiff is a citizen of the State of Kansas[.]" (internal quotation marks, alterations, and citation omitted)). Also, the Petition states that plaintiff resides in Kansas. Doc. 1 at 18 (Pet. ¶ 14). And the court's Show Cause Order (Doc. 12) explained the problem with defendant relying on this allegation as a basis for alleging diversity jurisdiction. *See id.* at 2 (explaining that the Notice of Removal conflated a meaningful distinction between residency and citizenship in the context of 28 U.S.C. § 1332); *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Here's why these details could matter. This lawsuit arises under the Class Action Fairness Act of 2005 (CAFA). *See* Doc. 1 at 3 (Notice of Removal ¶¶ 6–8). Our Circuit has expressed a strict view about diversity jurisdiction determinations in the context of CAFA's so-called "home-state exception[.]" *See Nichols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 741 (10th Cir. 2018). Specifically, the Circuit has explained, this "exception requires a district court to decline jurisdiction if two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id.* at 738 (internal quotation marks and citation omitted). And, our Circuit has "reject[ed] the applicability of a rebuttable presumption of citizenship in the context of a CAFA exception invoked based on the mere allegation of residence." *Id.* at 741; *see also id.* ("Further, an individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." (internal quotation marks, alteration, and citation omitted)).

Here, defendant contends it is diverse from plaintiff for purposes of diversity jurisdiction. *See, e.g.*, Doc. 13 at 2 ("Because complete diversity between the parties exists . . . federal subject matter jurisdiction exists and Defendant's removal of this action to this Court under CAFA is and was proper."). And defendant's papers, to a limited extent anyway, support this premise. *See id.* (relying on one sentence in plaintiff's Petition for the premise that plaintiff is a Kansas citizen but refuting the contents of this same sentence where plaintiff alleges that defendant also is a Kansas citizen). These same details, according to defendant's Notice of Removal, show that CAFA's home-state exception doesn't apply in this case. *See* Doc. 1 at 8–9 (Notice of Removal ¶ 28). But once before, the court noted that plaintiff's Petition wasn't entirely clear about the distinction between residence and domicile, which in turn might create downstream jurisdictional problems for defendant's Notice of Removal. *See* Doc. 12 at 3 n.1 (comparing defendant's

3

Notice of Removal and plaintiff's state court Petition to show that each "relied on the same sort of conclusory language" about an individual citizenship based on their residence).

Plaintiff hasn't filed anything with the court suggesting she disagrees with defendant's removal of this action. But if plaintiff wishes to challenge removal, the court directs plaintiff to move swiftly. As explained already, the court has an independent obligation to ensure that subject matter jurisdiction exists. *Henderson ex rel. Henderson*, 562 U.S. at 434.[1] And, the court also must oblige CAFA's jurisdictional exceptions. *See Nichols*, 718 F. App'x at 741 (rejecting the premise that generalized allegations about an individual's residency will suffice to establish citizenship in the context of CAFA's home-state exception to jurisdiction).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Med-Data Incorporated's Response to Notice and Order to Show Cause (Doc. 13) alleges sufficient details about the parties' citizenship—for the time being and for the limited purpose of alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff is directed to submit any papers contesting this finding within **30 days** of the date of this Order.

**IT IS SO ORDERED.**

**Dated this 8th day of September, 2021, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[1] Indeed, the court "must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").